In re Rose Ann YORK, Debtor.

John WEYMOUTH, Plaintiff,

v.

Rose Ann YORK, Defendant.

Bankruptcy No. 280–00287.
Adv. No. 281–0115.

United States Bankruptcy Court,
D. Maine.

Aug. 26, 1981.

---

Stephen Wade, Fales & Fales, Lewiston, Me., for plaintiff.

Gerald S. Cope, Cope, Cope & Carlisle, Portland, Me., for defendant.

## MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

The Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on June 5, 1980. A Chapter 13 plan was confirmed by this Court on June 17, 1980. The order of confirmation provided: "the Court shall retain jurisdiction of the property of the estate until further order... [T]he debtor shall remain in possession of property of the estate...." [1]

On January 6, 1981, while under her plan, the Debtor was involved in an automobile accident with the Plaintiff. The Plaintiff seeks to be relieved of the automatic stay provisions of the Bankruptcy Code, 11 U.S.C. § 362, so that a negligence action may be filed in the State Court.

1. The purpose of this provision is to assure that "property of the estate" will remain "property of the estate" during the administration of the Chapter 13 case. Section 1327(b) provides: "except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor." In *In re Stark*, 8 B.R. 233 (Bkrtcy., N.D.Ohio 1981) the Bankruptcy Judge ruled that, in the absence of a provision provid-

## DISCUSSION

While the automatic stay provisions of Section 362(a) of the Bankruptcy Code are extremely broad in scope and apply to almost any type of creditor collection effort, the stay is not all encompassing.

Section 362(a)(1) operates as a stay of: The commencement or continuance ... of a judicial ... proceeding against the debtor that was or could have been commenced *before* the commencement of the case under this title or to recover a claim against the debtor that arose *before* the commencement of the case under this title. [Emphasis added]

Neither this subsection nor subsection 362(a)(6) stays the commencement of a judicial proceeding against a Chapter 13 debtor based on a claim which arose *after* the commencement of a case. As *Collier* points out:

Such a stay would discourage others from dealing with the trustee [or the debtor.] 2 Collier on Bankruptcy ¶ 362.04 (15th ed. 1980), at 362–28.

Accordingly, Plaintiff need not seek relief from the automatic stay in order to pursue a negligence suit against a Chapter 13 debtor arising after a petition is filed.[2]

While relief from stay is not necessary in order to pursue a post-petition claim against a Chapter 13 debtor, once the claim is reduced to judgment a creditor must obtain relief before he attaches or executes on property of the Chapter 13 estate. Such an attachment or execution would fall within the stay provisions of subsections 362(a)(3) and (4), which stay:

Any act to obtain possession of the property of the estate.

and

Any act to create, perfect, or enforce, any lien against property of the estate.

ing otherwise, the Chapter 13 estate ceased to exist upon confirmation. In this Court's view this is an unfortunate and undesirable result in a Chapter 13 case.

2. This construction of the automatic stay is consistent with 28 U.S.C. § 959 which provides in part that:

Trustees, receivers or managers of any property, including debtors in possession, may be

These subsections of Section 362(a) are not limited to liens which secure claims that arose *before* the commencement of the case.[3]

Accordingly, the Plaintiff is free to pursue his negligence action against the Debtor in the appropriate State court. If he recovers a judgment in that court which he is unable to satisfy, he may then, in this Court, seek relief from the Section 362(a) stay in order to proceed against property of the estate.

An appropriate Order will be entered.

---

sued without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property.

3. It is important to observe the distinction between Section 362(a)(3) & (4) and Section 362(a)(5). Section 362(a)(5) does not stay the creation, perfection or enforcement of liens *against property of the debtor* which secure claims which arise *after* the commencement of a case. This, in the Court's view, is one reason why it is important to assure that "property of the estate" does not become "property of the debtor" upon confirmation in a Chapter 13 case.