In re Sabine L. ANDERSON, Debtor.

Bankruptcy No. 81 B 14095.

United States Bankruptcy Court,
N. D. Illinois, E. D.

Sept. 20, 1982.

Michael Weinberg, Kadish & Weinberg, Chicago, Ill., for petitioner.

Jerome Kornfeld, Kornfeld & Spitz, Chicago, Ill., for respondent.

MEMORANDUM OPINION AND ORDER

EDWARD B. TOLES, Bankruptcy Judge.

This matter coming on to be heard upon the motion of Pioneer Transportation Sys-

tems, Inc. (Petitioner), represented by Michael Weinberg, Attorney at Law, to declare claim outside scope of automatic stay provided by Section 362(a)(1), (5), (6), and (7) of the Bankruptcy Code, and the answer thereto of the Debtor, Sabine L. Anderson (Respondent), represented by Jerome Kornfeld, Attorney at Law, and

The Court having examined the pleadings filed in this matter, having heard the arguments of counsel, and the Court being fully advised in the premises;

The Court Finds:

1. On November 12, 1981, Respondent filed a petition for relief under Chapter 13 of the Bankruptcy Code, and at that time Petitioner was not listed as a Creditor. The 36 month plan proposes payments to the Trustee of $63.00 bi-weekly and 100% payment to secured creditors and 100% of allowed unsecured claims. On February 19, 1982, Respondent filed a 3 count complaint in the Circuit Court of Cook County, Illinois, entitled, *Pioneer Transportation Systems, Inc. v. All Freight Distributors, Inc., All Service Distributors, Inc., Arnold D. Baer, Robert M. Cunningham, and Sabine Anderson,* Case Number 82 CH 1289. Said suit is based upon alleged fraudulent semi-trailer shipping charges prepared and submitted for payment to Petitioner by the shipping companies of All Freight Distributors, Inc. and All Services Distributors, Inc., their agents and employees, including Respondent. Said fraudulent charges grew out of a contract for shipping services executed by Petitioner and All Freight Distributors, Inc. and All Service Distributors, Inc., on August 1, 1981. Said alleged fraudulent charges, however, were made between approximately December 24, 1981, and February 12, 1982. In total, Petitioner seeks in its complaint the sum of $10,218,433.00 as actual and exemplary damages jointly and severally against all the named defendants.

2. On March 3, 1982, Respondent amended her schedules, and listed Petitioner as a creditor as follows:

Monthly Plan Payments

| | | |
|---|---|---|
| Pioneer Transportation Systems, Inc. c/o Kadish & Weinberg 55 West Monroe Suite 3700 | $10,218.00 | Per Capita |

Petitioner was served notice of the amendment, and on March 10, 1982, the confirmation hearing was held and the Respondent's plan was confirmed. No objection to confirmation was filed or presented at or prior to said confirmation hearing. On March 19, 1982, Petitioner filed the instant motion to declare its law suit outside the scope of the automatic stay in order to pursue to judgment its claim against Respondent. On April 13, 1982, Respondent filed an answer.

The Court Concludes and Further Finds:

1. The issue presented in the instant case is whether a creditor not originally scheduled in the Chapter 13 plan may proceed with a suit filed against the debtor subsequent to the bankruptcy proceeding. The automatic stay provisions of Section 362(a)(1), (5), (6) and (7) have been held to be inapplicable to proceedings commenced after the filing of the Chapter 13 proceedings. *In re York,* 13 B.R. 757, 758 (Bkrtcy. D.Me.1981). In the instant case suit was filed February 19, 1982, three months after the Chapter 13 was filed (November 12, 1981), and the alleged fraud occurred beginning December 24, 1981, one month after the Chapter 13 was filed. The fact that a contract was executed among the parties on August 1, 1981, is not sufficient basis to hold that the claim arose prior to filing. However, it has been held that once a judgment has been obtained, "[A] creditor must obtain relief before he attaches or executes on property of the Chapter 13 estate. Such an attachment or execution would fall within the stay provision of subsection 362(a)(3) and (4)." *York, supra* at 758. Said provision specifically prohibits any acts to gain possession or enforce a lien against property of the estate. On this basis this Court must conclude that the suit of Petitioner may proceed; however, if a judgment against Respondent is obtained, Petitioner must have the stay lifted upon filing of a complaint under Section 362 of the Bankruptcy Code in order to proceed against the estate.

IT IS THEREFORE ORDERED, AD-JUDGED AND DECREED that the motion of Pioneer Transportation Systems, Inc. to declare claim outside scope of automatic stay provided by Section 362(a)(1), (5), (6) and (7) be, and the same is hereby granted.

IT IS FURTHER ORDERED, AD-JUDGED AND DECREED that execution of any judgment obtained against Debtor, Sabine L. Anderson, be, and the same is hereby stayed pending further order of this Court.