In re Donald W. NIELD, Barbara N. Nield, Debtors.

Peter C. FESSENDEN, Esq. Trustee, Plaintiff,

v.

MAINE SAVINGS BANK, Defendant.

Bankruptcy No. 284–00291.
Adv. No. 88–2045.

United States Bankruptcy Court, D. Maine.

Jan. 25, 1989.

Peter C. Fessenden, Brunswick, Me., for plaintiff.

Matthew L. Caras, Verrill and Dana, Portland, Me., for defendant.

## MEMORANDUM OF DECISION

FREDERICK A. JOHNSON, Chief Judge.

The sole issue presented in this adversary proceeding is whether or not the bank violated the automatic stay by charging the debtors' escrow account for attorney's fees incurred by the bank in connection with a motion for relief from stay brought by the bank against the debtors several years before. The escrow account was established in connection with a mortgage granted by the debtors to the bank to generate funds for the payment of taxes and insurance as they became due. The court concludes that the bank did violate the stay; but, as stipulated by the parties, the violation was not intentional, willful, or malicious.

An analysis of several sections of the Bankruptcy Code are necessary here. We start with Section 362(a)(3), which provides, as pertinent:

Except as provided in subsection (b) of this section, a petition filed under section 301 ... of this title ... operates as a stay, applicable to all entities of—

.    .    .    .    .

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

Section 362(c) tells us:

Except as provided in subsections (d)(e) and (f) of this section [relief from stay]—

(1) the stay of an act against property of the estate ... continues until such property is no longer property of the estate;

Section 541(a) defines Property of the Estate as ...

(7) [a]ny interest in property that the estate acquires after the commencement of the case.

Section 1306(a) further defines property of the estate, in addition to the property specified in Section 541, as

(1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted....

Section 1306(b) informs us that

Except as provided in a confirmed plan, or order confirming the plan, the debtor shall remain in possession of all property of the estate.

The court's order of confirmation makes it clear, in paragraph viii, that the court "retains jurisdiction of the property of the estate."

All of the above Code sections, and the court's order of confirmation are designed to protect the Chapter 13 debtor and the property of the estate during the administration of the Chapter 13 case. Most Chapter 13 cases are a delicate balance between rehabilitation and financial disaster; unilateral and unanticipated charges against the debtors' escrow account can not be permitted.

■ Although Section 506(b) permits the holder of an "oversecured" claim reasonable fees, costs, or charges, if provided for by agreement, i.e.: the note and/or mortgage, the issue of reasonableness of such fees, costs or other charges must be presented to the court, with notice to the debtors and the standing Chapter 13 trustee. 3 *Collier on Bankruptcy* ¶ 506.05 (L. King, 15th Ed.1988).

This was not done in this case. The first indication of the bank's unilateral action was contained in a letter to the debtors dated April 20, 1988, which stated:

This is to advise you that in connection with your Chapter XIII, (sic) we have charged your escrow account with $223.00 for attorney fees through April 12th.

 The bank argues that once the debtors paid their money into the escrow account it lost its character as property of the estate. Its argument is manifestly wrong. The estate retained an important interest in that escrow account: that the funds be used for the purpose that they were intended, which was payment of taxes and insurance for the protection of the debtors and the bank. Any other use, without prior notice to the debtors, the standing Chapter 13 trustee, and, if necessary, approval of the court, was not only a violation of the automatic stay but probably also a violation of the bank's duty as escrow agent.

The bank cites a decision of this Court, *In re York*, 13 B.R. 757, as support for its position. Reliance upon *York* is misplaced. In *York* the court's ruling is clear:

> While relief from stay is not necessary in order to pursue a post-petition claim against a Chapter 13 debtor, once the claim is reduced to judgment a creditor must obtain relief before he attaches or executes on property of the Chapter 13 estate. Such an attachment or execution would fall within the stay provisions of subsection 362(a)(3)....

*Id.* at 758.

In view of the stipulation of the parties that the violation was not willful, sanctions under 11 U.S.C. § 362(h) are not in order. However, the court will schedule a hearing on the reasonableness of the fees, even though the trustee stipulated that the fees were reasonable and necessary.

An appropriate order will be entered.