**In re Robert S. SHUMAN, Sr. and Sherry L. Shuman, Debtors.**

**Bankruptcy No. 3–87–02214.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

Nov. 20, 1990.

Christopher M. Hawk, Dayton, Ohio, for debtors.

Barry P. Reich, Springfield, Ohio, for creditor.

George W. Ledford, Englewood, Ohio, Chapter 13 Trustee.

MEMORANDUM DECISION AND OR-DER GRANTING MOTION OF SU-SAN R. TRUITT TO PROCEED WITH STATE COURT LITIGATION

WILLIAM A. CLARK, Bankruptcy Judge.

Before the court is a motion of Susan R. Truitt for an order granting relief from the automatic stay of 11 U.S.C. § 362. The court has jurisdiction pursuant to 28 U.S.C. § 1334 and the standing order of reference entered in this district. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

### FACTS

On July 17, 1987, Robert S. Shuman, Sr. and Sherry L. Shuman filed a petition in bankruptcy under chapter 13 of the Bankruptcy Code. The debtors' plan was confirmed on September 29, 1987. Before the court is a motion of Susan R. Truitt for an order granting relief from the automatic stay of § 362 of the Bankruptcy Code so that she may proceed with a suit in state court (filed on May 24, 1990) against debtor Sherry L. Shuman. The suit seeks damages from Ms. Shuman and alleges that the debtor negligently entrusted a motor vehicle on *February 3, 1989.*

### CONCLUSIONS OF LAW

[1] The issue before the court is simply whether § 362 of the Bankruptcy Code prevents the movant from proceeding in state court with respect to events occurring after debtor Sherry L. Shuman filed her bankruptcy petition. The language of the statute and the relevant case law makes clear that the automatic stay is inapplicable in the present case.

Section 362(a)(1) provides that the filing of a bankruptcy petition operates as a stay, applicable to all entities, of—

1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that *was or could have been commenced before the commencement of the case under this title,* or to recover a claim against the debtor that *arose before the commencement of the case* under this title. (Emphasis Supplied)

From the plain language of § 362(a)(1) it is clear that, with respect to judicial actions and proceedings, the statute only stays those proceedings and actions which were instituted or could have been instituted prior to the filing of a debtor's bankruptcy

318

petition. *Turner Broadcasting System, Inc. v. Sanyo Electric, Inc.,* 33 B.R. 996, 999 (D.N.D.Ga.1983). Further, the court finds nothing in the legislative history of § 362(a)(1) to suggest that Congress intended a different result:

> Section 362(a)(1) of the House amendment adopts the provision contained in the Senate amendment enjoining the commencement or continuation of a judicial, administrative, or other proceeding to recover a claim against the debtor that arose before the commencement of the case. The provision is beneficial and interacts with section 362(a)(6), which also covers assessment, to prevent harassment of the debtor with respect to prepetition claims. 124 Cong.Rec. H11,092 (daily ed. Sept. 28, 1978); 124 Cong.Rec. S17,409 (daily ed. Oct. 6, 1978).

■ While the automatic stay of § 362 is a fundamental protection provided to a debtor in bankruptcy, and its scope is undeniably broad, it does not serve to stay all actions involving a bankrupt party. *Rett White Motor Sales Co. v. Wells Fargo Bank,* 99 B.R. 12, 14 (D.N.D.Cal.1989). In addition to the specific statutory exceptions to the automatic stay enumerated in § 362(b) of the Bankruptcy Code (e.g. criminal proceedings, actions to enforce police powers), "[t]he automatic stay does not prohibit the prosecution of an action against a debtor based upon a claim that arose after the filing of the bankruptcy petition." *Acevedo v. Van Dorn Plastic Machinery Co.,* 68 B.R. 495, 498 (Bankr.E.D.N.Y.1986). *See also FAA v. Gull Air, Inc. (In re Gull Air, Inc.),* 890 F.2d 1255, 1263 (1st Cir.1989); *Holland America Insurance Co. v. Succession of Roy,* 777 F.2d 992, 996 (5th Cir.1985); *Avellino & Bienes v. M. Frenville Co., Inc. (Matter of M. Frenville Co., Inc.),* 744 F.2d 332, 334 (3rd Cir.1984).

The movant is cautioned, however, that, if she obtains a judgment against the debtor in state court while the debtor's chapter 13 case is still active, other provisions of § 362 may be applicable.

As long as the chapter 13 case is pending, the automatic stay of 11 U.S.C. § 362 restrains postpetition creditors from taking action against "property of the estate" [§ 362(a)(3) and (a)(4) ] to collect their postpetition debts. 11 U.S.C. § 1306 defines property of the estate in a chapter 13 case to include property acquired postpetition and personal service earnings of the debtor acquired postpetition. *In re Woodall,* 81 B.R. 17, 18 (Bankr.E.D.Ark.1987).

In short, relief from the automatic stay may be required before the movant is permitted to enforce any judgment she may obtain.

For the foregoing reasons, it is hereby ORDERED that the motion of Susan R. Truitt to proceed with state court litigation against Sherry L. Shuman is GRANTED.