**In re Daniel W. KINNEMORE and Kelly S. Kinnemore, Debtors.**

Bankrutpcy No. 95–00027.

United States Bankruptcy Court, D. Idaho.

May 8, 1995.

D. Bernard Zaleha, Boise, ID, for debtors.

Jeffrey G. Howe, Asst. U.S. Trustee, Boise, ID.

John Krommenhoek, Trustee, Boise, ID.

MEMORANDUM OF DECISION

JIM D. PAPPAS, Chief Judge.

Debtors' counsel Bernard Zaleha seeks payment of $396 in attorney fees out of assets of the bankruptcy estate for services he

provided to Debtors in connection with this case. Both the Chapter 7 Trustee John Krommenhoek and the U.S. Trustee have objected to this request.[1]

The Court conducted a hearing on the application on April 18, 1995. This Memorandum constitutes the Court's findings of fact and conclusions of law. F.R.B.P. 7052.

The U.S. Trustee's objection is based on the modified language of Section 330(a) of the Bankruptcy Code as occasioned by enactment of Section 224(b) of the Bankruptcy Reform Act of 1994, Pub.L. 103–394 (Oct. 22, 1994). These amendments are effective in all bankruptcy cases commenced after October 22, 1994, and therefore apply in this instance.

Under the pre-amendment language of Section 330(a), it was possible for an attorney representing a debtor in a Chapter 7 case to be awarded reasonable compensation from the estate. This Court's decision in *In re Mountain West Equipment, Inc.*, 90 I.B.C.R. 9, 11, provided guidance as to what types of services were compensable. However, it now appears that the amendments to Section 330(a) have legislatively overruled prior law.

Prior to the 1994 amendments the statute read as follows:

### § 330. Compensation of officers.

(a) After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the *debtor's attorney*—

(1) reasonable compensation for actual, necessary services rendered ...

11 U.S.C. § 330(a) (emphasis added). Subsection (a) was reconfigured as subsection (a)(1) by the 1994 amendments and the phrase "debtor's attorney" was deleted from the new subsection. In addition, a new subsection (a)(4) was added and provides:

(4)(A) Except as provided in subparagraph (B), the court shall not allow compensation for—

(i) unnecessary duplication of services; or

(ii) services that were not—

(I) reasonably likely to benefit the debtor's estate; or

(II) necessary to the administration of the case.

(B) In a chapter 12 or a chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C. § 330(a)(4).

The deletion of the phrase "debtor's attorney" in subsection (a)(1) coupled with the addition of subsection (a)(4) is significant here. It now appears that the Court may allow reasonable compensation to a debtor's attorney in a Chapter 12 or Chapter 13 case, but there is now no statutory basis for an award to a Chapter 7 debtor's attorney. As suggested by the ancient maxim of statutory construction, *inclusio unius est exclusio alterius*—"the expression of one is the exclusion of the other"—the failure of Congress to include a reference to Chapter 7 debtor's counsel fees in subsection (a)(4)(B) must be interpreted to mean the legislature intended to exclude such attorneys from compensation from the bankruptcy estate.

Because there is no longer any basis in the Code for payment of Debtors' lawyer from the estate, his application must be denied.

*Conclusion.*

By separate order, Debtors' counsel's Motion to Approve Payment of his fees will be denied.

---

1. The Chapter 7 Trustee objects to allowance of fees to counsel in large part because, he alleges, the services provided were not competent. Since the U.S. Trustee's objection on the grounds that the fees are not legally compensable will dispose of the matter, the Court will not address the Chapter 7 Trustee's objection.