In re Joseph A. BOTTONE, Debtor.

Bankruptcy No. 95–45480–HJB.

United States Bankruptcy Court,
D. Massachusetts.

Nov. 4, 1998.

Gerald Glasser, Springfield, MA, for debtor.

L. Jed Berliner, Springfield, MA, pro se.

## MEMORANDUM OF DECISION

HENRY J. BOROFF, Bankruptcy Judge.

Before the Court is a "Motion for Determination of Claim Status" (the "Motion") filed by L. Jed Berliner (the "Claimant"), former counsel to Joseph A. Bottone, (the "Debtor"). The questions presented are whether a claim held by an attorney for services rendered in a Chapter 7 case later converted to a case under Chapter 13 is (1) stayed from collection and/or (2) must be paid through a Chapter 13 plan.

## I. FACTS AND PRIOR PROCEEDINGS

The relevant facts are undisputed.

On November 30, 1995, Bottone Remodelers, Inc. (the "Corporation") and the Debtor each filed a petition in this Court under Chapter 7 of the Bankruptcy Code. Prior to the commencement of the cases, the Debtor was president of the Corporation, which, in turn, was in the business of conducting inspections for prospective home buyers. The schedules in each case were substantially identical, listing the same assets and liabilities. David L. Sokol ("Sokol") was identified as the attorney for both the Debtor and the Corporation, and David J. Noonan was appointed as the Chapter 7 trustee in each case.[1]

In March of 1996, creditors Carolyn and Mark Mastroianni filed an adversary proceeding against the Debtor seeking that the Court deny the Debtor's discharge under 11 U.S.C. § 727(a)(2).[2] In May of 1996, creditor

---

1. The Corporation's case was closed on January 15, 1998.

2. Section 727(a)(2) provides:

(a) The court shall grant the debtor a discharge, unless—

Shirley Small filed a similar adversary proceeding against the Debtor.[3] In March of 1997, the Chapter 7 trustee filed an adversary proceeding under 11 U.S.C. § 544(a) and Mass.Gen.Laws Ann. ch. 109A, seeking to avoid a prepetition transfer of a property interest of the Debtor to his spouse. Common to the avoidance action instituted by the Chapter 7 trustee and the section 727 counts in the other adversary proceedings was an allegation that the Debtor had attempted to conceal from creditors, before and after the case, his interest in his marital residence, conveyed to his spouse prior to the commencement of the case.[4]

On or about October 30, 1996, the Debtor replaced Sokol as his counsel with the Claimant. During the Claimant's tenure, he represented the Debtor in each of the three adversary proceedings, none of which had then gone to trial. After approximately five (5) months, the Claimant's retention was terminated and the Debtor hired Gerald Glasser ("Glasser") as successor counsel. The Claimant subsequently filed an application requesting approval of the sum of $6,443.03 for fees and expenses (inclusive of interest charged at the rate of 18%) (the "Legal Fee"), less a $2,000 retainer held in an interest bearing account. However, the Claimant later filed a supplemental statement to his fee application. In that supplemental pleading, the Claimant maintained that "he [wa]s not an administrative creditor and ha[d] no claim against the Chapter 7 estate for payment of his fees." Suppl. Statement Fee App. The

Claimant also explained that because he was retained by the Debtor postpetition, the requirements of 11 U.S.C. § 329[5] did not directly apply, but "that this Court [was] the forum to establish the reasonableness of his fees and fee payment under the 'spirit' of § 329 and the inherent powers of the Court, leaving collectability to another day and place." [6] *Id.* In other words, Claimant's supplemental pleading sought to clarify that he was not seeking payment of his fees from the estate, but was merely seeking a determination that his fees were reasonable.

On August 6, 1997, the Court held a hearing on the Claimant's fee application. The Claimant, Glasser and counsel to the Chapter 7 trustee attended. Because the Claimant sought no payment from the estate, the Chapter 7 trustee did not object to the application. However, the Debtor objected to the Claimant's fee claiming that the Debtor did not have the means to pay the obligation and that there was no documentary support for the payment of interest on the unpaid obligation. At the conclusion of the hearing, the Court found the "fees charged to be reasonable but [left] the parties to their state law rights as to interest." Ct. Order, August 6, 1997.

During the next few months, the Debtor's main case remained quiet while the adversary proceedings moved forward. The Chapter 7 Trustee's avoidance action and the nondischargeability actions were consolidated for trial. At a pretrial hearing on October 8,

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be, transferred, removed, destroyed, mutilated, or concealed—
   (A) property of the debtor, within one year before the date of the filing of the petition; or
   (B) property of the estate, after the date of the filing of the petition[.]
11 U.S.C. § 727(a)(2).

3. That complaint was subsequently amended to add a count under 11 U.S.C. § 523(a)(2).

4. For a more complete recitation of the underlying allegations, *see Small v. Bottone (In re Bottone),* 209 B.R. 257 (Bankr.D.Mass.1997).

5. Section 329(a) provides:

(a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.
11 U.S.C. § 329(a).

6. This Court believes that both the "spirit" *and the words* of section 329 confer jurisdiction on this Court to determine the reasonableness of fees charged to a debtor for services in connection with a case "after one year before the date of the filing of the petition." 11 U.S.C. § 329(a).

1997, counsel for the new Chapter 7 Trustee [7] informed the Court that the only significant asset in this case was the avoidance action against the Debtor's spouse with regard to the transfer to her of the Debtor's interest in the marital residence. Counsel to the Chapter 7 Trustee then requested leave to amend the complaint and file a motion for an attachment, lis pendens or preliminary injunction with respect to the property. The request was granted. An amended complaint was ordered to be filed on or before October 24, 1997 and a hearing on any motions and further pretrial was set for December 3, 1997.

Two weeks after the amended complaint was filed, the Debtor moved to convert the case from Chapter 7 to Chapter 13. According to Debtor's counsel the "conversion to Chapter 13 was done to hold in abeyance [the] three adversary proceedings ... challenging the conveyance of the real estate as fraudulent." *See* Debtor's Chapter 13 Plan. On January 14, 1997, the Court, pursuant to 11 U.S.C. § 706, converted the Debtor's case to one under Chapter 13.

Shortly after the case was converted, the Claimant filed the instant Motion. The Debtor filed an opposition. At the hearing on the Motion, the Claimant argued that the Legal Fee was a postpetition claim that could not be paid through the Debtor's Chapter 13 plan, because it was neither a priority administrative claim nor a general unsecured claim. He further contended that the claim was unaffected by the automatic stay and that he should be free to satisfy his postpetition claim in state court. The Debtor countered by arguing that the Claimant's postpetition claim should be paid through the plan and that doing so would promote the Debtor's efforts to pay a dividend to creditors generally.

At the close of the hearing, the Court took the Motion under advisement and the parties were granted an opportunity to file post-hearing briefs. No additional pleadings were filed by either party.

## II. DISCUSSION

The difficulty in properly characterizing the Legal Fee is that the debt relates to legal services the Claimant rendered solely on the Debtor's behalf during the Debtor's preceding Chapter 7 case, now converted to Chapter 13. Had the case remained in Chapter 7, the Claimant would have been able to pursue payment out of the Debtor's postpetition income, not deemed property of the estate. However, pursuant to § 1306(a), the Debtor's postpetition income is included in property of the estate.[8]

The first step in characterizing the claim requires review of 11 U.S.C. § 348(a) to determine the effect of conversion from Chapter 7 to Chapter 13 and whether, in the context of the Chapter 13 case, the Legal Fee is a prepetition or postpetition claim. Section 348(a) provides:

> (a) Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, *does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief* [.]

11 U.S.C. § 348(a) (emphasis supplied).

In *In re Hudson*, 158 B.R. 670 (Bankr. N.D.Ohio 1993), the debtors converted their Chapter 7 case to Chapter 13 and argued that tax claims arising during their Chapter 7 case, but before conversion to Chapter 13,

---

7. On August 14, 1997, Joseph B. Collins replaced Noonan as the Chapter 7 Trustee. Hendel, Collins & Newton, P.C. was subsequently employed as counsel to the new Chapter 7 Trustee.

8. Section 1306(a) provides:
   (a) Property of the estate includes, in addition to the property specified in section 541 of this title—
   (1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title whichever occurs first; and
   (2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first.
   11 U.S.C. § 1306(a).

were prepetition claims that could be paid through the Chapter 13 plan. The court disagreed, ruling that § 348(a) left no doubt that the meaning of the term 'filing the petition' meant the filing of the original Chapter 7 petition, not the date of conversion. *Hudson*, 158 B.R. at 672 (citing *United States v. Rassi (In re Rassi)*, 140 B.R. 490, 492 (Bankr.C.D.Ill.1992)). As a result, the court held that the Debtor's tax obligations had to be characterized as Chapter 13 postpetititon debts. *Id.; see also Petit v. Fessenden*, 80 F.3d 29, 33 (1st Cir.1996) (conversion does not effect a change in date of order for relief); *Matter of Sadler*, 935 F.2d 918, 920 (7th Cir.1991) (case converted from one chapter to another retains all original filing dates); *In re Bush*, 120 B.R. 403, 405–06 (Bankr.E.D.Tex.1990) (same).

The import of section 348(a) is that the "date of the order for relief in the Chapter 13 case is 'thrown back' to the date of the filing of the Chapter 7 petition." 3 Keith M. Lundin, *Chapter 13 Bankruptcy* § 8.30, at 8–47 (1994); *see also Young v. Bank of Maine (In re Young)*, 66 F.3d 376, 377 (1st Cir.1995). In other words, the debtor is deemed to have filed the Chapter 13 case at the time the Chapter 7 case was filed. *See McDonough v. Plaistow Cooperative Bank (In re McDonough)*, 166 B.R. 9, 14 (Bankr.D.Mass.1994).

In this case, the order for relief was entered on November 30, 1995, the day the Debtor filed his Chapter 7 petition. The conversion of the Debtor's case to one under Chapter 13 did not effect a change in that date. As a result, the Legal Fee which arose on or after approximately October 30, 1996, the day the Claimant commenced representing the Debtor, must be characterized as a Chapter 13 postpetition claim.

Unfortunately, the inquiry as to the characterization of the claim can not end here. There are a number of sections in the Bankruptcy Code which *recharacterize* postpetition preconversion claims as prepetition claims in the new chapter to which a case is converted. Three sections in particular, §§ 348(d), 1305(a) and 330(a), may affect the characterization of the Legal Fee. Therefore, each section must be evaluated to determine its effect, if any, on the claim.

## A. The Applicable Code Provisions

### 1. Section 348(d)

■ Section 348(d) provides special treatment for claims that arise during a Chapter 11, 12 or 13 case before the case is converted to another chapter. It provides:

> (d) A claim against the estate or the debtor that arises after the order for relief but before conversion in a case that is converted under section 1112, 1208, or 1307 of this title, other than a claim specified in section 503(b) of this title, shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition.

11 U.S.C. § 348(d).

■ Section 348(d) recharacterizes most postpetition preconversion debts as prepetition claims in the subsequent case. However, section 348(d) does not apply to claims arising *in Chapter 7 cases* subsequently converted to another chapter, pursuant to § 706(a). "Section 348(d) does not [explain] precisely what happens to a debt incurred after the filing of a Chapter 7 case and before conversion to Chapter 13." 3 Keith M. Lundin, *Chapter 13 Bankruptcy* § 8.30, at 8–48 (1994). And even were claims arising in Chapter 7 cases included, § 348(d) excludes those claims which arise under § 503(b). Accordingly, § 348(d) is doubly inapplicable to the case at hand.

### 2. Section 1305(a)(2)

■ Section 1322(b)(6) of the Code permits a debtor to provide for the payment of postpetition claims through the Chapter 13 plan, to the extent that such claims are filed and allowed under 11 U.S.C. § 1305(a). Section 1305(a) in turn provides:

> (a) A proof of claim may be filed by any entity that holds a claim against the debtor—
>
> (1) for taxes that become payable to a governmental unit while the case is pending; or
>
> (2) that is a consumer debt, that arises after the date of the order for relief under this chapter, and that is for property or

services necessary for the debtor's performance under the plan.

11 U.S.C. § 1305(a).

■ Section 1305 supplements sections 501 and 502 in chapter 13 cases, by permitting the enumerated postpetition claims to be treated as prepetition claims for purposes of proof, allowance and distribution. 8 *Collier on Bankruptcy* ¶ 1305.01, at 1305-2 (15th ed. rev.1998). The goal of § 1305(a) is not difficult to ascertain. During the pendency of a Chapter 13 plan, a debtor may encounter unforseen circumstances which threaten his or her performance under the Chapter 13 plan. *See* 8 *Collier on Bankruptcy* ¶ 1305.02[2], at 1305-5 (15th ed. rev.1998). To the extent that postpetition tax and/or consumer creditors evidence a willingness to do so, § 1305(a) *permits them to share* payment over time under the plan with prepetition creditors. *Id.* Therefore, if a debtor incurs a postpetition tax or consumer debt *and* if the postpetition creditor files a proof of claim, then the debtor's plan must provide for payment of that postpetition claim as well. *See* 11 U.S.C. §§ 1305, 1322(b)(6).

■ However, in this case, even if the Legal Fee could be characterized as a consumer debt,[9] § 1305(a) provides the Debtor with no assistance here. First, the § 1305(a) option is only made available to the postpetition creditor, by leaving to the creditor alone the right to file a proof of claim for its postpetition claim. *In re Epstein,* 200 B.R. 611, 614 (Bankr.S.D.Ohio 1996). "The debtor may not force a postpetition creditor to file a § 1305(a) claim nor may the [d]ebtor file such a claim on behalf of a postpetition creditor." *Id.; see also In re Haith,* 193 B.R. 341 (Bankr.N.D.Ala.1995); *In re Goodman,* 136 B.R. 167 (Bankr.W.D.Tenn.1992); *RTO Rents v. Benson (In re Benson),* 116 B.R. 606

(Bankr.S.D.Ohio 1990); *In re Glover,* 107 B.R. 579 (Bankr.S.D.Ohio 1989).

■ Second, 11 U.S.C. § 348(b)[10] precludes characterizing the Legal Fee as a § 1305(a)(2) postpetition claim because, for the purposes of § 1305(a), the date of the order for relief in a case converted to Chapter 13 is not deemed to be the date of case commencement, but rather the date of conversion. Therefore, in converted cases, the option afforded by § 1305(a) is limited to creditors whose claims arise after, but not before the conversion order. 3 Keith M. Lundin, *Chapter 13 Bankruptcy* § 8.30, at 8-48 (1994). The Legal Fee here arose postpetition but before conversion. "The fact that consumer debts described in § 1305(a)(2) that arise after conversion from Chapter 7 to Chapter 13 are allowable as postpetition claims tells us nothing about whether claims arising after the Chapter 7 petition and before conversion are allowable in the Chapter 13 case." 3 Keith M. Lundin, *Chapter 13 Bankruptcy* § 8.30, at 8-48, 49 (1994). Accordingly, the remedies offered by § 1305(a)(2) are inapplicable here.

### 3. Section 330(a)

Sections 1322(a)(2), 507(a)(1) and 503 work together in Chapter 13 cases to provide priority and full payment through the plan for postpetition debts that fit the definition of administrative expenses. Section 1322(a)(2) specifically provides for "full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim." 11 U.S.C. § 1322(a)(2). Section 507(a)(1) provides that administrative expenses allowed under section 503(b) are entitled to first pri-

---

9. The Bankruptcy Code defines a consumer debt as one "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. 101(8). At least one court has found that attorneys' fees do not fall within that definition. *In re Phillips,* 219 B.R. 1001 (Bankr.W.D.Tenn. 1998). Because § 1305(a) is not a remedy available to the Debtor for the reasons discussed infra, this Court need not determine whether the Legal Fee is a "consumer debt."

10. Section 348(b) provides:

(b) Unless the court for cause orders otherwise, in sections 701(a), 727(a)(10), 727(b), 728(a), 728(b), 1102(a), 1110(a)(1), 1121(b), 1121(c), 1141(d)(4), 1146(a), 1146(b), 1201(a), 1221, 1228(a), 1301(a), and 1305(a) of this title, "the order for relief under this chapter" in a chapter to which a case has been converted under section 706, 1112, 1208, or 1307 of this title means the conversion of such case in such chapter.

11 U.S.C. § 348(b).

**296**

ority when making distribution. Finally, § 503(b)(2) provides for the allowance of administrative expenses, including "compensation and reimbursement awarded under § 330(a)[.]" 11 U.S.C. § 503(b)(2); *see also In re Collins*, 210 B.R. 538, 540 (Bankr. N.D.Ohio 1997). Applying the foregoing provisions to this case, were the Claimant entitled to compensation from the estate pursuant to § 330(a), then the Legal Fee would be considered an administrative priority claim and governed by and disbursed from the Chapter 13 plan.[11] *Collins*, 210 B.R. at 540.

There is a split in authority as to whether a Chapter 7 debtor's attorney is entitled to receive compensation from a Chapter 7 estate as an administrative expense. The majority of courts that have considered this issue have ruled that the 1994 amendments to the Code have precluded such payment. Prior to the adoption of the 1994 Reform Act, § 330(a)(1) provided:

(a) After notice to any parties in interest and to the United States trustee and a hearing ... the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, **or to debtor's attorney**

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney ... based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title[.]

11 U.S.C. § 330(a)(1) (1978) (emphasis supplied).

The Bankruptcy Reform Act of 1994 deleted the phrase "debtor's attorney" from the statute. Section 330(a)(1)(A) now provides:

(a)(1) After notice to the parties in interest and the United States trustee and a hearing, and subject to section 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103—

(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person[.]

11 U.S.C. § 330(a)(1)(A) (1994).

Several courts have concluded that they no longer have any authority to award compensation to a debtor's attorney as an administrative expense. *See United States Trustee v. Garvey, Schubert & Barer (In re Century Cleaning Serv., Inc.)*, 215 B.R. 18 (9th Cir. BAP 1997); *In re Thomas*, 195 B.R. 18 (Bankr.W.D.N.Y.1996); *In re Fassinger*, 191 B.R. 864 (Bankr.D.Or.1996); *In re Friedland*, 182 B.R. 576 (Bankr.D.Colo.1995); *In re Kinnemore*, 181 B.R. 520 (Bankr.D.Idaho 1995). They have also relied on the provisions of § 330(a)(4) to preclude allowance of a claim of a debtor's attorney against the Chapter 7 estate. Section 330(a)(4) provides:

(4)(A) Except as provided in subparagraph (B), the court shall not allow compensation for—

(i) unnecessary duplication of services; or

(ii) services that were not—

(I) reasonably likely to benefit the debtor's estate; or

(II) necessary to the administration of the case.

(B) in a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C. § 330(a)(4).

Those courts have interpreted Congress' failure to include a reference to Chapter 7 debtor's counsel fees in (a)(4)(B) "to mean [that] the legislature intended to exclude

---

**11.** A number of cases have found that unpaid compensable services rendered by the Chapter 7 Trustee or counsel to the Chapter 7 Trustee are administrative claims payable through a debtor's Chapter 13 estate. *In re Collins*, 210 B.R. 538 (Bankr.N.D.Ohio 1997); *In re Berry*, 166 B.R. 932 (Bankr.D.Or.1994); *In re Wells*, 87 B.R. 732 (Bankr.N.D.Ga.1988); *In re Parameswaran*, 64 B.R. 341 (Bankr.S.D.N.Y.1986).

such attorneys from compensation from the bankruptcy estate." *Kinnemore*, 181 B.R. at 521; *see also Fassinger*, 191 B.R. at 865; *Friedland*, 182 B.R. at 580. As a result, they have concluded that § 330(a) no longer provides a basis for an award of attorneys fees from estate funds to a debtor's attorney in a Chapter 7 case.

■ Another view, and, in this Court's opinion, the better view, is that, in light of the absence of any legislative history or comment to support such an extensive change in the statute, the omission of the debtor's attorney from § 330(a) listing was inadvertent. *See In re Miller*, 211 B.R. 399 (Bankr.D.Kan. 1997); 3 *Collier on Bankruptcy* ¶ 330.LH[5] (15th ed. rev.1998). This Court continues to maintain that counsel to a Chapter 7 debtor is entitled to compensation from the estate as an administrative claimant to the extent the factors set forth in *In re Pine Valley Machine, Inc.*, 172 B.R. 481, 487–89 (Bankr. D.Mass.1994) are satisfied (services compensable from estate if limited and transitional; of benefit to the estate; not duplicative of services provided by the trustee; and rendered in good faith without obstructing or impeding the administration of the estate).

■ In any event, this is a Chapter 13 case, not a Chapter 7 case. At first blush, the applicability of § 330(a)(4)(B) to a claim arising under Chapter 7 is easy to overlook. However a close reading of that subsection reveals that its coverage does include the Legal Fee sought by the Claimant. Nothing in § 330(a)(4)(B) excludes from its scope a claim for legal services rendered in the Chapter 7 case from which the Chapter 13 case was converted. And, nothing in § 330(a)(4)(B) conditions the allowance of such a claim by whether it would have been allowable in the prior Chapter 7 case. Section 330(a)(4)(B) in no way distinguishes in terms of where the claim arose, but only limits the context in which the claim is asserted. The debtor's counsel's claim must be asserted in a Chapter 13 case. That condition is satisfied here, and no other relevant condition applies.

■ Further, including such a claim within the scope of § 330(a)(4)(B), and, therefore, requiring payment under the plan pursuant to § 1322(a)(2), resolves a number of theoretical and practical problems. For example, were the Legal Fee excluded, it is difficult to see how it could ever be paid. Had the case remained in Chapter 7, the Legal Fee would have been paid out of the Debtor's postpetition income, but in Chapter 13, all of that income is now scheduled to be devoted to payment of obligations under the plan. And even had the Claimant continued to seek a state court judgment to liquidate his claim, collection would have been restrained by the automatic stay until the conclusion of the case. The automatic stay is applicable to "any act to obtain possession of property of the estate or of property from the estate" and to "any act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. § 362(a)(3), (4). "As long as the Chapter 13 case is pending, the automatic stay of 11 U.S.C. § 362 [ (a)(3) an (a)(4)] restrains postpetition creditors from taking action against 'property of the estate' to collect their postpetition debts." *In re Shuman*, 122 B.R. 317, 318 (Bankr.S.D.Ohio 1990) (quoting *In re Woodall*, 81 B.R. 17, 18 (Bankr.E.D.Ark.1987)). Therefore, once a judgment has been obtained, a postpetition creditor must obtain relief from the automatic stay before it attaches or executes on property of the Chapter 13 estate. *Bellini Imports, Ltd. v. Mason and Dixon Lines, Inc.*, 944 F.2d 199, 201 (4th Cir.1991); *see also Fazio v. Growth Dev. Corp. (In re Growth Dev. Corp.)*, 168 B.R. 1009, 1016 (Bankr.N.D.Ga.1994) ("[T]he mere fact a claim arises postpetition does not automatically entitle a creditor to enforce it, ... The language of [section 362(a)(3) ] is devoid of any distinction between prepetition and postpetition claims. So long as a creditor attempts to obtain property of the estate, the automatic stay remains in full force and effect."); *In re Anderson*, 23 B.R. 174 (Bankr. N.D.Ill.1982) (creditor must obtain relief before he attaches or executes on property of the Chapter 13 estate); *Weymouth v. York (In re York)*, 13 B.R. 757 (Bankr.D.Me.1981) (same). Finally, excluding legal fees incurred in a prior Chapter 7 phase might require an attorney who stayed the course in both proceedings to parse his or her legal fees, some to be scheduled for payment in

the Chapter 13 plan and some to be left in some sort of Chapter 7 limbo.

Bringing all of the legal fees incurred by a debtor (regardless of the chapter in which the claim was incurred) into the family of administrative priority claims to be addressed by a Chapter 13 plan appears far more in keeping with a complete, effective and feasible reorganization of the debtor's financial affairs. That result is not only in keeping with the Bankruptcy Code's statutory framework, but is also in the best interest of the Debtor, the creditors of this estate, and perhaps even the Claimant.

## III. CONCLUSION

For the reasons set forth above, this Court concludes and holds that, pursuant to the provisions of § 330(a)(4)(B), the claim of a debtor's attorney for legal services rendered in a Chapter 7 case subsequently converted to Chapter 13 is an administrative priority claim in the Chapter 13 case which must be treated pursuant to the provisions of § 1322(a)(2).

An Order will issue consistent with this Memorandum of Decision.