**In re Reginald GAUDETTE, Debtor.**

**Richard R. Erricola, Trustee, Plaintiff,**

v.

**Thomas, Utell, Van De Water & Raiche, PA, Defendant.**

Bankruptcy No. 96–12653–MWV.
Adversary No. 99–1148–MWV.

United States Bankruptcy Court,
D. New Hampshire.

Sept. 26, 2001.

Thomas J. Raftery, Carlisle, MA, for the Plaintiff.

Robert Daniszewski, Fusaro, Altomare & Ermilio, PC, Worcester, MA, for Thomas, Utell, Van De Water & Raiche, Defendant.

Ralph Holmes, McLane, Graf, Raulerson & Middleton, Manchester, NH, for McLane Graf, Raulerson & Middleton, Defendant.

David W. Carr, David W. Carr, P.C., Arlington, MA, for JAAJ Realty Corp., Interested Party.

### MEMORANDUM OPINION

MARK W. VAUGHN, Chief Judge.

Before the Court is the Chapter 7 Trustee's ("Trustee") complaint seeking to recover $10,566.46 from the law firm of Thomas, Utell, Van De Water and Raiche, P.A. ("Defendant" or "firm"), constituting legal fees paid to the Defendant from assets of the OFS Pension Plan and Trust ("OFSPPT"). The Trustee alleges that the fees were improperly paid without court approval and in contravention of an agreement not to dissipate assets of the pension fund pending the outcome of an adversary in this Court to determine whether the pension fund was property of the Debtor's bankruptcy estate. For the reasons following, the Court finds for the Trustee.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceed-

ings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## BACKGROUND

On June 11, 1999, this Court ruled that the assets of the OFSPPT were not exempt and were part of the bankruptcy estate of Reginald Gaudette. *See Erricola v. Gaudette (In re Gaudette)*, 240 B.R. 649 (Bankr.D.N.H.1999). The Defendant represented Mr. Gaudette in connection with the adversary proceeding on some level. After the trial was held on April 8, 1998, but before the Court's decision was rendered, the Defendant withdrew as counsel in all matters related to Mr. Gaudette's bankruptcy case. *See* Defendant's Trial Brief at 2. The Defendant's fees in the amount of $10,566.46 were paid from assets of the OFSPPT without authorization from the Court on October 5, 1998.

Following the Court's decision finding that the OFSPPT was part of Mr. Gaudette's bankruptcy estate, the Trustee brought this adversary against the Defendant and the law firm of McLane, Graf, Raulerson & Middleton, P.A.[1], which served as successor counsel to Mr. Gaudette. The adversary seeks to recover all fees paid to the firms from the assets of the OFSPPT.

There are no facts in dispute in this matter. At trial, the only evidence presented by the Trustee consisted of two pieces of correspondence dated December 7, 1997:(1) a letter by the Trustee to Atty. Van De Water seeking confirmation that the assets of the OFSPPT would not be dissipated pending the outcome of the litigation, and (2) a reply letter by Atty. Van

De Water confirming that the pension plan assets were not being dissipated and that the assets would continue to be invested prudently. The Court also took judicial notice of the fact that the firm did not seek authorization to represent Mr. Gaudette and that no authorization for the fees paid was sought.

For its part, the Defendant offered no evidence other than the testimony of Atty. Van De Water. Atty. Van De Water testified that the firm represented Mr. Gaudette in his individual capacity only at the outset of his bankruptcy case by helping to put together schedules. However, by the time the "341 Meeting" occurred, the firm had stopped representing Mr. Gaudette individually and represented only related Gaudette entities such as the pension plan. Thus, Atty. Van De Water apparently considered his representation involving the OFSPPT to be only of the pension plan and trust and not Mr. Gaudette individually. Atty. Van De Water recalled the substance of the December 2, 1997 correspondence with the Trustee. However, he testified that he did not believe that they were agreeing that no funds whatsoever would be taken from the pension plan, but only that the assets would not be unnecessarily wasted and that the pension plan trustee, Louise Gaudette, would continue to make prudent investments. He pointed out that at that time he believed there was credible evidence that the pension plan was not property of the estate and that he was representing the pension plan against attack in the regular course of business. Atty. Van De Water also testified that the fees were incurred in dealing with discovery requests pertaining to the adversary proceeding.

---

1. The Trustee alleged that $164,915.91 was paid to the McLane law firm. The parties settled the matter prior to trial.

## DISCUSSION

The Trustee seeks to recover the fees paid to the Defendant pursuant to 11 U.S.C. § 549(a)(2)(B)[2], which permits a trustee to recover a transfer not authorized by the Bankruptcy Code or by the Court. According to the Trustee, because the Defendant did not receive authorization from the court to represent the estate pursuant to § 327, the postpetition transfer of assets of the estate is avoidable. The Defendant argued at trial and in his brief that the firm was merely representing the OFSPPT, which at that time had not been determined to be an asset of Mr. Gaudette's bankruptcy estate. Furthermore, the fees were paid prior to the decision finding the OFSPPT estate property. Thus, the Defendant reasons that no court approval was necessary as at that time the OFSPPT was not property of the estate.

At the outset, the Court notes that its decision is not based upon a finding that the Defendant breeched the agreement between Atty. Van De Water and the Trustee regarding the dissipation of the OFSPPT assets. Atty. Van De Water testified at trial that he understood that the agreement was intended to ensure that funds of the estate would not be squandered or removed outside of the ordinary course of business. He also testified that at the time of the litigation, the assets of OFSPPT were in fact greater than when the case was filed. He believed that he was defending the OFSPPT against attack by the Trustee and considered the fees to be an expense in the ordinary course of business and not a dissipation of its funds. The Court believes that Atty. Van De Water's interpretation of the agreement was reasonable, and does not find that the Defendant was acting in contravention of the specific agreement with the Trustee. Furthermore, there has been no allegation, and thus the Court makes no finding that the fees were unreasonable. However, the real issue here is not whether the payment of the fees amounted to a dissipation the OFSPPT assets, but whether the Defendant was paid from assets of Reginald Gaudette's Chapter 7 bankruptcy estate.

This Court's opinion in *Erricola v. Gaudette* found that Reginald Gaudette was the sole beneficiary of the OFSPPT. As such, all of the assets of the OFSPPT were part of the bankruptcy estate as of the commencement of the case. *See* § 541(a)(property of the estate includes any interest in property of the debtor *wherever located and by whomever held*). On his schedules, the Debtor properly listed the OFSPPT as property, but claimed the assets as exempt. The Trustee successfully objected to the exemption preserving the assets for the estate. At no time can it be said that the assets of the OFSPPT were not property of Mr. Gaudette's bankruptcy estate.

Nor can it be said that the Defendant was not representing Mr. Gaudette, but was solely representing the interest of the OFSPPT. As previously noted, Mr. Gaudette was the sole beneficiary of the OFSPPT. The Defendant's own trial brief admits that the firm represented Mr. Gaudette in connection with the adversary proceeding. *See* Defendant's Trial Brief at 2. Atty. Van De Water also testified at the trial that the Defendant represented Mr. Gaudette personally regarding his bankruptcy case to some degree. Thus, the question becomes whether the Defendant can receive payment for his services on behalf of the Debtor in this case from

---

**2.** Unless otherwise identified, all statutory references are to Title 11 of the United States Code.

property of the estate. The answer to that question must be no.

Generally, professional persons may be awarded as an administrative expense "reasonable compensation for actual, necessary services ... and reimbursement for actual necessary expenses." 11 U.S.C. § 330(a)(1). However, there is a split among bankruptcy courts over the question of whether an attorney for a Chapter 7 Debtor may be awarded compensation from property of the estate. Most cases, such as *In re Fassinger*, 191 B.R. 864 (Banrkr.D.Or.1996), have held that the 1994 amendments to the Bankruptcy Code, which eliminated the term "debtor's attorney" from the list of those who may receive compensation from the estate pursuant to § 330, removed the opportunity for Chapter 7 debtors' attorneys to seek compensation from the estate. However, a minority of courts have rejected that view and have held that the deletion of the term "debtor's attorney" must have been inadvertent and have continued to permit a debtor's attorney to seek compensation from the estate under limited circumstances. *See In re Bottone*, 226 B.R. 290 (Bankr.D.Mass.1998); *In re Miller*, 211 B.R. 399 (Bankr.D.Kan.1997). This Court need not wade directly into this issue, however, for even if it were to rule that an attorney for a Chapter 7 debtor can seek compensation from property of the estate, such fees may only be awarded for services that actually benefit the estate. *See Bottone*, 226 B.R. at 296 (Counsel to Chapter 7 debtor is entitled to compensation from estate only if services are limited, not duplicative, in good faith and *of benefit to the estate* ). Furthermore, where an attorney represents a Chapter 7 debtor in an adversary proceeding, courts have almost universally held that the representation does not benefit the estate. *See Jensen v. Gantz (In re Gantz)*, 209 B.R. 999, 1003

(10th Cir. BAP 1997)("In general, fees for defense of § 523 and § 727 actions and other contested matters that affect the debtor post discharge are allowed but not against the estate."). The case of *Mayer, Glassman & Gaines v. Washam (In re Hanson)*, 172 B.R. 67 (9th Cir. BAP 1994) presented an issue similar to the one before this court. In that case, the Chapter 7 debtor's attorney sought compensation from the estate for time spent attempting to protect the debtor's homestead exemption. After conducting a thorough review of cases considering the issue, the panel found that the defense of exemptions could not benefit the Chapter 7 estate, but actually obstructs the administration of the estate. *Id.* at 72.

This Court agrees with the *Hanson* court and finds that the Defendant's representation of Mr. Gaudette, although perfectly appropriate, did not benefit the bankruptcy estate. Although it was entitled to seek compensation for its services, such compensation should have come from exempt property or property obtained postpetition. Instead, however, the Defendant's fees were improperly paid from funds that were property of the estate.

### CONCLUSION

The OFSPPT assets were property of the estate at the time the Defendant's fees were paid. Therefore, the Defendant was not entitled to receive payment from that asset for fees incurred in connection with the adversary proceeding. The Trustee may recover those fees pursuant to § 549. This opinion and order constitutes the Court's findings of facts and conclusions of law in accordance with Federal Rule of Procedure 7052.