**BELLINI IMPORTS, LTD.,**
**Plaintiff–Appellee,**

v.

**The MASON AND DIXON LINES,**
**INC., Defendant–Appellant.**

**No. 91–3030.**

United States Court of Appeals,
Fourth Circuit.

Argued July 8, 1991.

Decided Sept. 16, 1991.

Terri L. North, Simpson & Moran, Birmingham, Mich., argued (William Lloyd Stocks, Douglas E. Wright, Nichols, Caffrey, Hill, Evans & Murrelle, Greensboro, N.C., Patrick A. Moran, Simpson & Moran, Birmingham, Mich., on brief), for defendant-appellant.

Cary L. Flitter, Lundy, Flitter & Beldecos, P.C., Narberth, Pa., argued (Robin Palenski, Womble, Carlyle, Sandridge & Rice, Winston–Salem, N.C., on brief), for plaintiff-appellee.

Before WILKINSON, WILKINS and NIEMEYER, Circuit Judges.

## OPINION

WILKINS, Circuit Judge:

The Mason and Dixon Lines, Inc. appeals an order of the district court reversing a disallowance by the bankruptcy court of an administrative claim of Bellini Imports, Ltd. that was based on a default judgment obtained in the United States District Court for the Eastern District of Pennsylvania. We hold that the judgment obtained in the Pennsylvania action is unenforceable against the bankruptcy estate of Mason and Dixon because the bankruptcy trustee was not named as a party defendant.

### I.

On March 29, 1984 Mason and Dixon filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the Bankruptcy Court for the Middle District of North Carolina. In April 1984 Bellini engaged Mason and Dixon to transport freight from Philadelphia to New York City. The following December, the bankruptcy court appointed a trustee for the bankruptcy estate of Mason and Dixon. Bellini subsequently filed suit against Mason and Dixon in the United States District Court for the Eastern District of Pennsylvania in June 1985, seeking damages resulting from the delayed shipment of its freight. Bellini did not name the trustee as a party, and although later advised by counsel for Mason and Dixon that Mason

and Dixon was a debtor in bankruptcy and that the trustee was a proper party defendant, did not add the trustee as a party to the action.

Mason and Dixon did not file an answer or otherwise respond to the Pennsylvania district court action, and Bellini secured a default judgment that was then transferred to Pennsylvania state court for execution. Although Bellini was advised by counsel for the trustee that a trustee had been appointed, Bellini elected not to file a claim against the estate. On March 29, 1986, a restated joint plan of reorganization was confirmed by order of the bankruptcy court.

Bellini subsequently instituted a garnishment proceeding in Pennsylvania state court against an account debtor and customer of Mason and Dixon. In response to this proceeding, Mason and Dixon moved for injunctive relief in the bankruptcy court. Bellini then sought a ruling from the Pennsylvania district court that the default judgment obtained in that court was valid and enforceable. The district court determined that the bankruptcy court had exclusive jurisdiction over an action to enforce the default judgment against the property of Mason and Dixon.

Despite the ruling of the Pennsylvania district court, Bellini filed a motion for summary judgment in Pennsylvania state court, seeking to collect funds from the garnishee. Mason and Dixon filed a motion in bankruptcy court for an order compelling Bellini to show cause why it should not be held in contempt of the order of the bankruptcy court confirming the joint plan of reorganization. The bankruptcy court issued an order finding that it had exclusive jurisdiction over any action to enforce the claim of Bellini against Mason and Dixon and enjoining Bellini from further attempting to enforce the Pennsylvania default judgment. The court allowed Bellini an opportunity to present an administrative claim against the estate and to argue the claim on the merits. Bellini then filed an administrative claim based on the default judgment but waived presentation of evidence and argument on the underlying merits. The bankruptcy court disallowed the claim, finding that it was based on a judgment that was unenforceable against the trustee and assets of the estate because the trustee was not named as a party defendant. In reversing the decision of the bankruptcy court, the district court concluded that the trustee was not a necessary party and that the Pennsylvania judgment was valid and enforceable.

## II.

■■■ A petition filed under Title 11 of the Bankruptcy Code "operates as a stay, applicable to all entities, of ... the commencement or continuation ... of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy] case." 11 U.S.C.A. § 362(a)(1) (West Supp.1991). The stay is limited to actions that could have been instituted before the petition was filed or that are based on claims that arose before the petition was filed. 2 *Collier on Bankruptcy* ¶ 362.04[1] (L. King 15th ed. 1989). It does not include actions arising post-petition. *Grady v. A.H. Robins Co.*, 839 F.2d 198, 200 (4th Cir.), *cert. dismissed*, 487 U.S. 1260, 109 S.Ct. 201, 101 L.Ed.2d 972 (1988). Thus, this provision did not bar the institution of the Pennsylvania district court action by Bellini as a result of a post-petition breach of contract by Mason and Dixon. *See Weymouth v. York (In re York)*, 13 B.R. 757 (Bankr. D.Me.1981).

■■■ However, the stay is also applicable to "any act to obtain possession of property of the estate or of property from the estate" and to "any act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C.A. § 362(a)(3)–(4) (West 1979 & Supp.1991). Because attachment or execution of a judgment obtained as a result of a post-petition claim would fall within the stay provision of subsections 362(a)(3) and (4), a creditor must obtain relief from the stay to satisfy a judgment against property of the bankruptcy estate. *In re Anderson*, 23 B.R. 174 (Bankr. N.D.Ill.1982); *Turner Broadcasting Sys., Inc. v. Sanyo Elec., Inc.*, 33 B.R. 996, 1000 n. 2 (N.D.Ga.1983), *aff'd sub nom. Turner*

*Broadcasting v. Rubin,* 742 F.2d 1465 (11th Cir.1984) (unpublished). The trustee is the representative of the estate, 11 U.S.C.A. § 323(a) (West 1979), and must be named as a party defendant in an action seeking to proceed against assets of the estate, *see Tower Nat'l Bank v. Klima (In re Klima),* 27 B.R. 917 (Bankr.N.D.Ohio 1983); *Federal Nat'l Mortgage Ass'n v. DiBona (In re DiBona),* 7 B.R. 798, 800 (Bankr.E.D.Pa.1980). *See also* 28 U.S.C.A. § 1409(e) (West Supp.1991) ("A proceeding arising under title 11 … may be commenced against the representative of the estate....").

■ Practical considerations illuminate the desirability of this rule. When, for example, a corporation is in a Chapter 11 proceeding, officers and management may lack incentive to defend an entity that faces possible liquidation. We conclude that the failure of Bellini to name the trustee in the Pennsylvania district court action rendered the default judgment obtained against Mason and Dixon unenforceable against the bankruptcy estate. Accordingly, the bankruptcy court correctly determined that the administrative claim was not allowable because it was based solely on a judgment that was unenforceable against the estate. *See* 11 U.S.C.A. § 502(b)(1) (West Supp. 1991). The decision of the district court is reversed.

REVERSED.