**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: SUSAN MICHELLE HUTSON,
<u>Debtor.</u>

SUSAN MICHELLE HUTSON,
<u>Debtor-Appellant,</u>

v.                                                      No. 98-1054

AMERICAN PREFERRED PRESCRIPTION,
<u>Defendant-Appellee,</u>

and

KEVIN CAMPBELL, Trustee,
<u>Party in Interest.</u>

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CA-96-2268-23-2, BK-94-70293)

Submitted: December 16, 1998

Decided: February 19, 1999

Before MICHAEL and MOTZ, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles S. Altman, FINKEL & ALTMAN, L.L.C., Charleston, South
Carolina, for Appellant. R. William Metzger, Jr., Thomas W. Bunch,

II, ROBINSON, MCFADDEN & MOORE, P.C., Columbia, South
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Susan Hutson appeals from the district court's order finding that
the claims at issue arose after the filing of her bankruptcy petition
and, therefore, are not automatically stayed by the filing of her bank-
ruptcy petition. For the reasons that follow, we affirm.

American Preferred Prescription (APP) is a mail-order pharmacy in
New York. In November 1993, Hutson and her husband entered into
a verbal agreement with APP in which the Hutsons agreed to perform
marketing services for APP in exchange for reimbursement of their
expenses. In addition, APP provided the Hutsons with certain busi-
ness equipment. Susan Hutson filed a Chapter 7 petition in January
1994. APP was not listed as a creditor and was not notified of Hut-
son's bankruptcy proceeding. In February, Hutson wrote to APP and
terminated their agreement. In July, APP demanded that the Hutsons
return the business equipment.

In May 1995, APP sued the Hutsons in New York state court alleg-
ing breach of contract, fraudulent representation, conversion, and
wrongful disclosure of confidential information. The suit was
removed to federal court and subsequently dismissed. APP then filed
an adversary proceeding in its own bankruptcy proceeding asserting
the same causes of action. In March 1996, Hutson filed the underlying
motion for sanctions in her bankruptcy proceeding, claiming that
APP's actions violated the automatic stay imposed by 11 U.S.C.
§ 362 (1994). The bankruptcy court agreed and sanctioned APP and
its attorneys in the total amount of $9089.94.* On appeal, the district

_____

*The bankruptcy court's order did not address the second and third
causes of action (fraudulent representation and conversion) and neither

2

court reversed the bankruptcy court's order based on its conclusion that APP's causes of action accrued post-petition and, therefore, were not subject to the automatic stay. Hutson appeals.

We review the district court's decision reversing the bankruptcy court de novo. See In re Bryson Properties, XVIII, 961 F.2d 496, 499 (4th Cir. 1992). Therefore, we review the bankruptcy court's conclusions of law de novo and its findings of fact for clear error. See id. A petition filed under the Bankruptcy Code "operates as a stay, applicable to all entities, of . . . the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy] case." 11 U.S.C. § 362(a)(1). The stay is limited to actions that could have been instituted before the petition was filed or that are based on claims that arose before the petition was filed. See Bellini Imports, Ltd. v. Mason & Dixon Lines, Inc., 944 F.2d 199, 201 (4th Cir. 1991) (citing 2 Collier on Bankruptcy § 362.04(1) (L. King 15th ed. 1989)). Although the term "claim" is broadly defined under the Bankruptcy Code, it does not include actions arising post-petition. See Grady v. A.H. Robins Co., 839 F.2d 198, 200 (4th Cir. 1988). A claim based on a post-petition breach of contract is not stayed by § 362(a). See Bellini Imports, 944 F.2d at 201.

With respect to APP's claim for breach of contract, we agree with the district court's finding that the alleged breach occurred at the time the agreement was terminated--which took place after Hutson filed her bankruptcy petition. Accordingly, the cause of action was not stayed by § 362(a). With respect to APP's claim alleging use and divulging of confidential information, we agree with the district court's conclusion that this claim arose post-petition as well. This claim was based on APP's assertion that the Hutsons contacted its competitors and offered to provide them with confidential information regarding the manner in which APP operated. The bankruptcy court concluded that, while most of the actions by the Hutsons occurred

_____

party addressed these claims in the appeal either to the district court or to this court. Accordingly, we address only the breach of contract and wrongful disclosure of confidential information claims.

3

after the filing of the bankruptcy petition, one conversation occurred beforehand. This conclusion was based on the testimony of APP's attorney who stated that "one of [Hutson's] conversations with the attorney for our adversary occurred before she sent us the termination letter." However, as the district court properly found, this statement was in response to whether confidential information was divulged by the Hutsons after the bankruptcy filing <u>and</u> after the termination of the relationship between APP and Hutson:

> Q. The fourth cause of action in your complaint had some allegations with respect to certain confidential information that allegedly was taken by the Hutsons after the relationship was terminated. Is that correct?
>
> A. That's correct.
>
> Q. And that obviously occurred after a bankruptcy filing and after the termination of the relationship. Is that correct?
>
> A. That may be partially correct. It clearly occurred after the bankruptcy filing, but I believe one of her conversations with the attorney for our adversary occurred before she sent us the termination letter. So, she began to divulge confidential information, I believe, even before she terminated the relationship.

Based on this testimony, the district court correctly found that the conduct upon which this cause of action was based occurred after the filing of the bankruptcy petition in January 1994 and that one conversation took place between that date and the following month when the Hutsons terminated the agreement. Therefore, this claim also arose post-petition and was not subject to the automatic stay.

For the foregoing reasons, we affirm the district court's order vacating the bankruptcy court's order imposing sanctions against APP for violating the automatic stay.

<u>AFFIRMED</u>

4