Jose **RODRIGUEZ** et. al, Plaintiffs,

v.

**BILTORIA REALTY LLC, Galaxy Tri–State Electric, Inc. and Upright, Inc., Defendants.**

No. 02–CV–826 (LDW)(ETB).

United States District Court,
E.D. New York.

May 7, 2002.

Lawrence J. Wetheimer, Lawrence J. Wertheimer, P.C., New York City, for Plaintiffs.

Lillian M. Kennedy, Epstein, Hill, Grammatico & Gann, Hauppauge, NY, Anthony F. Tagliagambe, Brian A. Kalman, London Fischer LLP, New York City, for Defendants.

*ORDER*

BOYLE, United States Magistrate Judge.

Before the court is defendant Upright, Inc.'s ("Upright") application to adjourn the deposition of the plaintiff Teresa Dejesus Ayala scheduled to occur on May 7, 2002 at 11:00 a.m. The court will treat this application as a request for a protective order under Rule 26(c), Fed.R.Civ.P. Upright asserts that this proceeding should be adjourned based on: (1) the automatic stay pursuant to 11 U.S.C. § 362; (2) the short lapse of time (seven days) since the receipt of the notice of the deposition; (3) the absence of any prior discovery on liability; (4) the absence of an initial discovery conference pursuant to Rule 16(b), Fed. R. Civ. P; and (5) the short time lapse since the filing of an answer on April

11, 2002. (*See* Letter of Upright, Inc. dated May 2, 2002, at 1.) Plaintiff opposes the application. (*See* Letter of Plaintiff dated May 3, 2002, at 1.)

This personal injury action arises from an accident that occurred on December 22, 2001 when plaintiffs Jose Rodriguez and Ramon Americo allegedly fell from scaffolding manufactured by Upright that collapsed while they were painting the outside of a commercial premises owned by defendant Biltoria Realty, LLC and leased to defendant Galaxy Tri–State Electric, Inc., causing serious injuries. (*See* Amended Complaint dated Mar. 7, 2002, at ¶ 7–8.) Plaintiff, Ayala, the party whose early deposition is at issue here, asserts a loss of services claim against all defendants. (*See id.* at ¶¶ 22–24.) Her spouse is the plaintiff, Rodriguez. Ms. Ayala, a citizen of El Salvador, is present in this country on an emergency visa issued to permit her entry to care for her husband who was seriously injured in the accident that gives rise to this action. The visa expires on May 21, 2002. (*See* Letter of Plaintiff, at 2.)

Under § 362, the filing of a petition in bankruptcy:

[O]perates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

. . . . .

■ (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title. . . .

11 U.S.C. § 362(a). Contrary to Upright's argument, the automatic stay is not all encompassing. Proceedings or claims that arise post-petition are not subject to the automatic stay of § 362(a)(1). *Avellino & Bienes v. M. Frenville Co., Inc.*, 744 F.2d 332, 335 (3d Cir.1984) (holding automatic stay inapplicable to debtor when plaintiff filed civil action against debtor after debtor filed for bankruptcy); *see also Bellini Imports, Ltd. v. Mason & Dixon Lines, Inc.*, 944 F.2d 199, 201 (4th Cir.1991) (breach of contract action against freight company debtor for damages resulting from delayed shipment not stayed when damages arose post-petition); *In re Gull Air, Inc.*, 890 F.2d 1255, 1263 (1st Cir. 1989) (Federal Aviation Administration's action to withdraw Gull Air's arrival and departure slots for non-use after airline filed bankruptcy petition was not stayed under § 362(a)(1)); *Collier on Bankruptcy* § 362.03[3][c] (15th ed. rev.1996) ("actions on claims that arise after the commencement of the case are not stayed"). The accident which is the subject of this litigation occurred on December 22, 2001, six months after Upright's June 12, 2001 filing of its bankruptcy petition. (*See* Letter of Plaintiff, at 1.) This action was commenced on February 6, 2002. It would appear from Upright's participation in this action that it was aware that there was no bankruptcy stay available here. The court notes that Upright answered the complaint on April 11, 2002, attended a Rule 26(f) planning conference on April 30, 2002, and served interrogatories in this action. (*See* Letter of Upright, at 2.) Under these circumstances, the automatic bankruptcy stay does not apply to this litigation.

██ The court finds Upright's other arguments for adjourning Ms. Ayala's deposition without merit. A proposed discovery plan has not been provided to the court and therefore it is assumed that there was no agreement to conducting any party depositions prior to the initial conference. Ms. Ayala is a foreign citizen of limited means and will be returning to El Salvador within the next few weeks. Under these circumstances, and since Ayala's claim is limited to loss of services, the interest of justice will be served by preserving her testimony prior to the expiration of her visa and her return to El Salvador. *See* Rule 26(f), Fed.R.Civ.P. (authorizing the court "for the convenience of the parties and witnesses and in the interest of justice" to modify the sequence of discovery). Upright makes no adequate claim of prejudice since Ayala will be deposed on her loss of services claims rather than on issues of liability. Upright has failed to show "good cause" for issuance of a protective order as required under Rule 26(c), Fed.R.Civ.P. Accordingly, the request to adjourn the deposition of the plaintiff, Ayala, is denied.

SO ORDERED.