**Mark THUESEN, Appellant**

**v.**

**AMERISURE INSURANCE COMPANY, Swamplot Industries L.L.C., Laurence David Albert, Beth Anne Brinsdon, Doyle Raizner, L.L.P., Michael Patrick Doyle, and Jeffrey Lewis Raizner, Appellees**

**NO. 14-14-00666-CV**

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed February 9, 2016

Mark Thuesen, Houston, TX, for Appellant.

Matthew Birk Baumgartner, James A. Hemphill, Austin, TX, Zandra Foley, Houston, TX, for Appellees.

Panel consists of Chief Justice Frost and Justices Jamison and Busby.

## OPINION

Kem Thompson Frost, Chief Justice

This appeal presents an interesting issue of first impression under Texas Rule of Civil Procedure 91a, a rule adopted in 2013 governing dismissal of baseless claims. At issue is whether a trial court may consider a Rule 91a movant a "prevailing party" entitled to attorney's fees under the rule if the trial court determines the respondent nonsuited the claims to avoid an adverse ruling on the 91a motion. We conclude that a trial court may not do so. We also address whether the trial court erred in consolidating two cases, whether the consolidation violated the bankruptcy stay, whether the trial court abused its discretion in assessing sanctions, and whether the failure to recuse the trial judge amounted to an abuse of discretion. We modify the trial court's judgment to delete the award of costs and attorney's fees under Rule 91a, and affirm the judgment as modified.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Appellees/plaintiffs Swamplot Industries, L.L.C., Laurence David Albert, and Beth Anne Brinsdon (collectively the "Swamplot Parties") filed suit against appellant/defendant Mark Thuesen and the condominium association of which he was president. The condominium association's insurer, appellee Amerisure Insurance Company, provided Thuesen with a defense in the action. Thuesen filed counterclaims pro se.

After the litigation was underway, on November 13, 2013, Thuesen filed for bankruptcy, triggering the automatic bankruptcy stay under title 11, section 362 of the United States Code. The Swamplot Parties sought relief from the bankruptcy stay. The bankruptcy court granted relief, allowing the Swamplot Parties to "prosecute, liquidate and settle claims and defenses asserted" against Thuesen only as long as Amerisure was providing Thuesen's defense. After getting relief from the stay, the Swamplot Parties moved for summary judgment. Thuesen, acting pro se, then filed a separate lawsuit against Swamplot Industries's lawyers, Michael Patrick Doyle and Jeffrey Lewis Raizner,

and their law firm, Doyle Raizner L.L.P. (hereinafter collectively the "Doyle Parties"); Thuesen also sued Amerisure and the Swamplot Parties.

## Motion to Consolidate

The Swamplot Parties settled their claims against Thuesen in the first lawsuit. The Swamplot Parties and the Doyle Parties all moved to consolidate the second lawsuit with the first lawsuit in March 2014. The Swamplot Parties' settlement caused Amerisure to stop providing Thuesen with a defense in the first suit, and Thuesen's defense counsel notified the trial court of that fact on April 8, 2014. Thereafter, the trial court signed an order confirming the nonsuit with prejudice of the Swamplot Parties' claims against Thuesen in the first lawsuit. About one month later, the trial court consolidated the second suit into the first suit.

## Motions to Dismiss under Rule 91a

The Swamplot Parties moved to dismiss Thuesen's claims against them under Texas Rule of Civil Procedure 91a.[1] Thuesen then amended his pleadings. In response, the Swamplot Parties filed an amended motion to dismiss under 91a. A week before the scheduled hearing on this motion, Thuesen nonsuited all of his claims against the Swamplot Parties.

## Award of Attorney's Fees Under Rule 91a

After the nonsuit, the Swamplot Parties moved the trial court to consider them "prevailing parties" as to the claims Thuesen originally asserted against them

in the second suit that were consolidated into the first suit (hereinafter the "2014 Claims"). The Swamplot Parties asserted that because Thuesen nonsuited his claims without prejudice to avoid an adverse ruling on the Swamplot Parties' motion to dismiss, the Swamplot Parties should be considered the "prevailing parties" and the trial court should order Thuesen's claims dismissed with prejudice. The trial court granted this motion, found that Thuesen had nonsuited the 2014 Claims to avoid an unfavorable ruling on the merits, ordered that the Swamplot Parties would be considered "prevailing parties" as to the 2014 Claims, and dismissed the 2014 Claims with prejudice.

The Swamplot Parties then filed a motion in which they sought to recover under Rule 91a costs and reasonable and necessary attorney's fees incurred with respect to the 2014 Claims. The trial court granted this motion, and ordered Thuesen to pay the Swamplot Parties specified amounts as costs and as reasonable and necessary attorney's fees in the trial court and in the event of an appeal.

## Sanctions

Thuesen filed a series of documents in the trial court that prompted the trial court to sanction him. Each 8.5-inch by 11-inch page of these documents contained a 6.5-inch colored, computer-generated Star-of-David watermark. In addition, each of the proposed orders Thuesen submitted to the trial court also contained a separate, bold-faced black Star-of-David symbol next to the signature line for the trial judge.

---

1. The Doyle Parties also moved to dismiss under Rule 91a. The trial court granted this motion, dismissed some of Thuesen's claims against the Doyle Parties, and ordered that Thuesen pay the Doyle Parties' attorney's fees and costs in an amount to be determined at a subsequent hearing. Thuesen later nonsuited all of his claims against the Doyle Parties, and the Doyle Parties later nonsuited their request that Thuesen be ordered to pay them attorney's fees and costs under Rule 91a.

The trial court issued an order requiring Thuesen to appear to show cause why he should not be sanctioned for filing the Star–of–David documents. Thereafter, Thuesen continued to file documents containing the Star–of–David watermark and symbol. The trial court sanctioned Thuesen by striking all documents containing the watermark. The trial court allowed Thuesen thirty days to request leave to refile the documents without any Star–of–David watermarks or symbols, but Thuesen did not do so. Thuesen, however, moved to recuse the trial judge, who declined to recuse himself and referred the motion to the presiding judge of the Second Judicial Administrative Region for assignment. An assigned judge denied the recusal motion.

On appeal, Thuesen challenges the trial court's consolidation of the cases, the award of fees and costs, the sanctions, and the denial of his recusal motion.

## II. Issues and Analysis

### A. Consolidation

■ In his first two appellate issues, Thuesen asserts that the trial court erred in consolidating the second suit into the first suit. A trial court has broad discretion to consolidate cases, and appellate courts review such decisions for an abuse of that discretion. *See Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex.1990) (op. on reh'g); *Eagle Fabricators, Inc. v. Rakowitz*, 344 S.W.3d 414, 421 (Tex.App.—Houston [14th Dist.] 2011, no pet.).

■ In his first issue, Thuesen argues that the trial court erred in consolidating the cases because the consolidation caused him prejudice. Thuesen contends he suffered prejudice because Doyle and Raizner were the attorneys in the first case and potential witnesses in the second case.

According to Thuesen, if he called them to testify at trial, they would have a dual role as attorneys and witnesses. But, Thuesen nonsuited all of his claims and none of them ever went to trial. Presuming, without deciding, that the trial court abused its discretion in consolidating the two cases, any such error did not probably cause the rendition of an improper judgment, nor did it probably prevent Thuesen from properly presenting the case on appeal. Any error was harmless. *See* Tex.R.App. P. 44.1(a); *Liebbe v. Rios*, No. 05–07–00381–CV, 2008 WL 1735448, at *4 (Tex.App.—Dallas Apr. 16, 2008, no pet.) (mem.op.) (concluding that any error in consolidating two cases was harmless). Accordingly, we overrule Thuesen's first issue.

■ Under his second issue, Thuesen asserts the trial court erred in consolidating the cases because the Swamplot Parties and the Doyle Parties violated the bankruptcy stay in seeking consolidation and the trial court violated the bankruptcy stay in granting consolidation. When a defendant files a bankruptcy petition, an automatic stay goes into effect under the United States Bankruptcy Code. *See* 11 U.S.C. § 362(a)(1) (current through P.L. 114–93 (excluding P.L. 114–74 and 114–92)). Subject to enumerated exceptions not applicable in the case under review, this stay applies to:

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding *against* the debtor *that was or could have been commenced before the commencement of the case under this title*, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a

judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of a debtor that is a corporation for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.

*Id.* (emphasis added). The bankruptcy court may grant relief from the stay. *See* 11 U.S.C. § 362(d). If the bankruptcy court has not granted such relief and a party or state court takes an action that violates the bankruptcy stay, such action is void. *York v. State*, 373 S.W.3d 32, 37–40 (Tex.2012). Parties do not violate the bankruptcy stay by nonsuiting claims against a bankruptcy debtor while the stay is in effect and without obtaining relief from the stay. *See Darr v. Altman*, 20 S.W.3d 802, 807 (Tex.App.—Houston [14th Dist.] 2000, no pet.). In addition, the bankruptcy stay does not preclude a state court from proceeding as to claims asserted by the bankruptcy debtor or as to claims arising after the debtor filed the bankruptcy petition. *See Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 348, 353 (5th Cir.2008) (stating that bankruptcy stay does not apply to claims that arise post-petition); *Bellini Imports, Ltd. v. Mason and Dixon Lines, Inc.*, 944 F.2d 199, 201 (4th Cir.1991) (holding that bankruptcy stay does not apply to actions arising post-petition); *Clarke v. Hunters Glen Community Ass'n*, No. 14–03–00971–CV, 2004 WL 1313294, at *2 (Tex.App.—Houston [14th Dist.] June 15, 2004, no pet.) (stating that bankruptcy stay does not apply to claims asserted by the bankruptcy debtor) (mem.op.).

 Before consolidating the cases, the trial court signed an order confirming the nonsuit with prejudice of all claims against Thuesen in the first lawsuit. Even though no relief from the stay had been granted as to this action when it was taken, the trial court's confirmation of the nonsuit of the claims against Thuesen did not violate the bankruptcy stay.[2] *See Darr*, 20 S.W.3d at 807. Before the consolidation of the cases, the Doyle Parties moved to dismiss Thuesen's claims against them in the second suit under Rule 91a and sought reasonable and necessary attorney's fees and costs. *See* Tex.R. Civ. P. 91a. This motion was pending when the trial court consolidated the cases. In this motion, the Doyle Parties sought reasonable and necessary attorney's fees and costs if they were successful in obtaining a dismissal of Thuesen's claims against them

---

**2.** After the trial court took this action and after the trial court consolidated the cases, the bankruptcy judge signed an order annulling the bankruptcy stay as to the Swamplot Parties, effective on the date of the bankruptcy filing. We need not and do not base our analysis on the annulment of the stay in this order.

under Rule 91a. These claims were filed in February 2014, more than three months after Thuesen filed his bankruptcy petition. For purposes of analysis, we presume that the Doyle Parties' request for reasonable and necessary attorney's fees and costs against Thuesen under Rule 91a is a claim. Because the claim arose post-petition, it could not have been commenced before Thuesen filed his bankruptcy petition. Therefore, the commencement or continuation of this claim against Thuesen did not violate the bankruptcy stay.[3] *See Campbell,* 545 F.3d at 353; *Bellini Imports, Ltd.,* 944 F.2d at 201.

■ When the trial court signed the challenged consolidation order, the only claim against Thuesen in either of the consolidated cases was a post-petition claim. Continuing this claim did not violate the bankruptcy stay. *See Campbell,* 545 F.3d at 353; *Bellini Imports, Ltd.,* 944 F.2d at 201. Therefore, even though no relief from the stay had been granted as to this consolidation of cases when it occurred, the trial court did not violate the bankruptcy stay in granting consolidation, nor did the Swamplot Parties or the Doyle Parties violate the bankruptcy in seeking consolidation. *See Campbell,* 545 F.3d at 353; *Bellini Imports, Ltd.,* 944 F.2d at 201; *Clarke,* 2004 WL 1313294, at *2.

■ Thuesen also asserts that the consolidation violated the trial court's February 5, 2014 order granting relief from the bankruptcy stay. This order allowed the Swamplot Parties to "prosecute, liquidate and settle claims and defenses asserted" against Thuesen only as long as Amerisure was providing Thuesen's defense. The bankruptcy court ordered, however, that in the event Amerisure ceased providing Thuesen with a defense, "no further action may be taken by or against Mark Thuesen in the state court lawsuit ... without further order of this Court." Because the bankruptcy stay did not prevent the parties from seeking consolidation or the trial court from granting consolidation, it was not necessary for the parties to secure relief from the stay as to these actions. *See Campbell,* 545 F.3d at 353; *Bellini Imports, Ltd.,* 944 F.2d at 201; *Clarke,* 2004 WL 1313294, at *2. To the extent Thuesen asserts the actions taken by the Swamplot Parties violated the bankruptcy court's February 5, 2014 order, as opposed to the bankruptcy stay, any failure to comply with this order did not violate the bankruptcy stay, and these actions were permitted under the bankruptcy court's June 26, 2014 order. In the June 26, 2014 order, the bankruptcy court allowed the Swamplot Parties to take any action they wished in this lawsuit.

Neither the Swamplot Parties' request for consolidation nor the trial court's order granting consolidation violated the bankruptcy stay. *See Campbell,* 545 F.3d at 353; *Bellini Imports, Ltd.,* 944 F.2d at 201; *Clarke,* 2004 WL 1313294, at *2. Accordingly, we overrule Thuesen's second issue.

**B. Fees**

Under his third, fourth, and fifth issues, Thuesen asserts that the trial court could not grant the Swamplot Parties' Rule 91a motion after Thuesen nonsuited his claims against the Swamplot Parties. Thuesen also argues that only a "prevailing party on the motion" may recover costs and reasonable and necessary attorney's fees under Rule 91a.7 and that, though the trial court found the that the Swamplot Parties were prevailing parties as to the 2014 Claims, the trial court did not find that the Swamplot Parties were prevailing parties on their Rule 91a motion. Thuesen as-

---

**3.** The Doyle Parties later nonsuited this claim against Thuesen.

serts that the Swamplot Parties were not entitled to attorney's fees under Rule 91a.7.

Within sixty days after being served with Thuesen's original petition in the second suit, the Swamplot Parties filed a motion seeking the dismissal of the 2014 Claims under Rule 91a. At least three days before this motion was set for submission to the trial court, Thuesen amended his petition. In response and less than forty-five days after filing their original Rule 91a motion, the Swamplot Parties filed an amended Rule 91a motion and set it for consideration on the trial court's submission docket. But, a week before the submission date, Thuesen filed notices that he had nonsuited without prejudice all of his claims against the Swamplot Parties.

Two weeks later, the trial court granted the Swamplot Parties' motion to be considered "prevailing parties" as to the 2014 Claims, found that Thuesen had nonsuited the 2014 Claims to avoid an unfavorable ruling on the merits, ordered that the Swamplot Parties be considered "prevailing parties" as to the 2014 Claims, and dismissed the 2014 Claims with prejudice. The trial court later ordered Thuesen to pay the Swamplot Parties specified amounts as costs and as reasonable and necessary attorney's fees in the trial court as well as conditional fee amounts in the event of an appeal.

Liberally construing Thuesen's arguments under his third, fourth, and fifth issues, we conclude Thuesen asserts that the trial court erred in awarding the Swamplot Parties attorney's fees and costs under Rule 91a because Thuesen nonsuited his claims against the Swamplot Parties before the trial court ruled on their Rule 91a motion. The Swamplot Parties assert they were the "prevailing parties" on the Rule 91a motion because Thuesen took a nonsuit to avoid an adverse ruling on the

motion. Whether a party requesting relief under Rule 91a should be considered a "prevailing party on the motion" in this context appears to be an issue of first impression in Texas.

As part of legislation it enacted in 2011, the Legislature provided that "[t]he supreme court shall adopt rules to provide for the dismissal of causes of action that have no basis in law or fact on motion and without evidence." *See* Act of May 25, 2011, 82nd Leg., R.S., ch. 203, § 1.01, 2011 Vernon's Tex. Sess. Law Serv. 758, 758 (codified at Tex. Gov't Code § 22.004(g)). The Legislature also specifically addressed the award of costs and reasonable and necessary attorney's fees to the prevailing party on the trial court's granting or denial of a motion to dismiss under the rules to be adopted by the high court:

> In a civil proceeding, on a trial court's granting or denial, in whole or in part, of a motion to dismiss filed under the rules adopted by the supreme court under Section 22.004(g), Government Code, the court shall award costs and reasonable and necessary attorney's fees to the prevailing party. This section does not apply to actions by or against the state, other governmental entities, or public officials acting in their official capacity or under color of law.

Act of May 25, 2011, 82nd Leg., R.S., ch. 203, § 1.02, 2011 Vernon's Tex. Sess. Law Serv. 758, 758 (codified at Tex. Civ. Prac. & Rem.Code § 30.021).

In response to this legislation, the Supreme Court of Texas promulgated Rule 91a, entitled "Dismissal of Baseless Causes of Action," which provides in pertinent part:

> **91a.1 Motion and Grounds.** Except in a case brought under the Family Code or a case governed by Chapter 14 of the Texas Civil Practice and Remedies Code, a party may move to dismiss a

cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

**91a.2 Contents of Motion.** A motion to dismiss must state that it is made pursuant to this rule, must identify each cause of action to which it is addressed, and must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both.

**91a.3 Time for Motion and Ruling.** A motion to dismiss must be:

(a) filed within 60 days after the first pleading containing the challenged cause of action is served on the movant;

(b) filed at least 21 days before the motion is heard; and

(c) granted or denied within 45 days after the motion is filed.

**91a.4 Time for Response.** Any response to the motion must be filed no later than 7 days before the date of the hearing.

**91a.5 Effect of Nonsuit or Amendment; Withdrawal of Motion.**

(a) The court may not rule on a motion to dismiss if, at least 3 days before the date of the hearing, the respondent files a nonsuit of the challenged cause of action, or the movant files a withdrawal of the motion.

(b) If the respondent amends the challenged cause of action at least 3 days before the date of the hearing, the movant may, before the date of the hearing, file a withdrawal of the motion or an amended motion directed to the amended cause of action.

(c) Except by agreement of the parties, the court must rule on a motion unless it has been withdrawn or the cause of action has been nonsuited in accordance with (a) or (b). In ruling on the motion, the court must not consider a nonsuit or amendment not filed as permitted by paragraphs (a) or (b).

(d) An amended motion filed in accordance with (b) restarts the time periods in this rule.

**91a.6 Hearing; No Evidence Considered.** Each party is entitled to at least 14 days' notice of the hearing on the motion to dismiss. The court may, but is not required to, conduct an oral hearing on the motion. Except as required by 91a.7, the court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59.

**91a.7 Award of Costs and Attorney Fees Required.** Except in an action by or against a governmental entity or a public official acting in his or her official capacity or under color of law, the court must award the prevailing party on the motion all costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action in the trial court. The court must consider evidence regarding costs and fees in determining the award.

Tex.R. Civ. P. 91a.

 We review the trial court's interpretation of Rule 91a de novo. *See Johnson v. City of Fort Worth*, 774 S.W.2d 653, 655–56 (Tex.1989); *Thomas v. Olympus/Nelson Prop. Mgmt.*, 148 S.W.3d 395, 399 (Tex.App.—Houston [14th Dist.] 2004, no pet.). In construing Rule 91a, our objective is to determine and give effect to the intent of the rule. *See Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527

(Tex.2000); *Thomas*, 148 S.W.3d at 399. If possible, we must ascertain that intent from the rule's language and not look to extraneous matters for an intent the rule does not state. *See Nat'l Liab. & Fire Ins. Co.*, 15 S.W.3d at 527; *Thomas*, 148 S.W.3d at 399. If the meaning of the rule's language is unambiguous, we adopt the interpretation supported by the plain meaning of the rule's words, *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex.1997); *Thomas*, 148 S.W.3d at 399. We must not engage in forced or strained construction; instead, we must yield to the plain sense of the words used in Rule 91a. *St. Luke's Episcopal Hosp.*, 952 S.W.2d at 505; *Thomas*, 148 S.W.3d at 399.

Under the timetables contained in the rule, a Rule 91a motion must be filed promptly, and the trial court must grant or deny the motion promptly. *See* Tex. Gov't Code § 22.004(g) (West, Westlaw through 2015 R.S.) (requiring rule adopted by supreme court to provide that the motion to dismiss shall be granted or denied within 45 days of the filing of the motion); Tex.R. Civ. P. 91a.3, 91a.4, 91a.5. In adopting Rule 91a, the Supreme Court of Texas anticipated the possibility that a claimant might nonsuit claims that are the subject of a Rule 91a motion. Tex.R. Civ. P. 91a.5. Both the Legislature and the high court tied the award of costs and reasonable and necessary attorney's fees to a party's prevailing "on the motion." *See* Tex. Civ. Prac. & Rem.Code § 30.021 (West, Westlaw through 2015 R.S.) (stating that "on a trial court's granting or denial, in whole or in part, of a motion to dismiss ... the court shall award costs and reasonable and necessary attorney's fees to the prevailing party"); Tex.R. Civ. P. 91a.7 (stating that "the court must award the prevailing party on the motion all costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action in the trial court"); *Guillory v. Seaton, LLC*, 470 S.W.3d 237, 243–44 (Tex.App.—Houston [1st Dist.] 2015, pet. filed) (stating that the award of attorney's fees under Rule 91a.7 is based upon which party prevails on the motion). Though they could have done so, the Legislature and the high court did not provide that the trial court must award costs and attorney's fees under Rule 91a to a party who prevailed on the claim or who prevailed in the lawsuit. *See* Tex. Civ. Prac. & Rem.Code § 30.021 (West, Westlaw through 2015 R.S.); Tex.R. Civ. P. 91a.7; *Guillory*, 470 S.W.3d at 243–44. In interpreting the provision's meaning, we adhere to the text.

We conclude that, under the plain meaning of the phrase "prevailing party on the motion," a party cannot be a prevailing party on a motion if the trial court did not rule on the motion because absent a ruling, no party has prevailed on the motion. *See In re Sheshtawy*, 478 S.W.3d 82, 85 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (holding trial court properly granted defendant's motion to dismiss under Rule 91a and properly awarded the defendant reasonable and necessary attorney's fees under Rule 91a because defendant was the prevailing party on the motion). Under the unambiguous language of Rule 91a, a claimant, up until three days before the hearing date on the motion to dismiss under Rule 91a, may nonsuit the claims challenged in the Rule 91a motion. Tex.R. Civ. P. 91a.5. If a claimant does so, the trial court cannot rule on the Rule 91a motion, and thus the movant cannot recover costs and attorney's fees under Rule 91a because the movant is not the prevailing party on the motion.[4] *See* Tex.R. Civ. P. 91a.5, 91a.7.

4. We need not and do not address what the outcome would be if the claimant nonsuits

 The Swamplot Parties timely filed their original motion to dismiss under Rule 91a. *See* Tex.R. Civ. P. 91a.3. At least three days before this motion was set for hearing, Thuesen amended his petition. In response and less than forty-five days after filing their original Rule 91a motion, the Swamplot Parties filed an amended Rule 91a motion. *See* Tex.R. Civ. P. 91a.5(b). A week before the hearing date for the amended motion, Thuesen filed notices that he had nonsuited, without prejudice, all of his claims against the Swamplot Parties.

The Swamplot Parties timely filed their amended motion to dismiss under Rule 91a and timely set the motion for hearing. *See* Tex.R. Civ. P. 91a.3, 91a.5. Under the plain wording of Rule 91a, because Thuesen nonsuited without prejudice all the claims that were the subject of the amended motion at least three days before the hearing date, the trial court was not permitted to rule on the Swamplot Parties' amended motion to dismiss, and the trial court did not rule on this motion.[5] *See* Tex.R. Civ. P. 91a.5(a). Though the trial court awarded costs and reasonable and necessary attorney's fees to the Swamplot Parties under Rule 91a, the trial court did not do so based on a finding that the Swamplot Parties were prevailing parties on the amended motion to dismiss under Rule 91a; instead, the trial court awarded these costs and fees based on a finding that the Swamplot Parties were prevailing parties as to the 2014 Claims. But, prevailing as to claims nonsuited more than three days before the hearing date for a Rule 91a motion on which the trial court did not rule does not trigger the award of costs and fees mandated under Rule 91a.7. *See* Tex.R. Civ. P. 91a.7. Because the Swamplot Parties did not prevail on their amended motion to dismiss, they may not recover costs and fees under Rule 91a. *See id.* And, because this rule was the sole basis for the trial court's award of costs and fees, the trial court erred in making this award. *See id.*[6]

The Swamplot Parties rely upon the Supreme Court of Texas's decision in *Epps v. Fowler* to argue that they should be considered the prevailing parties on the motion because Thuesen took a nonsuit to avoid an adverse ruling on the merits. *See* 351 S.W.3d 862, 871 (Tex.2011). In *Epps*, the high court applied a contract provision providing that " '[t]he prevailing party in any legal proceeding related to the contract is entitled to recover reasonable attorney's fees and all costs of such proceeding incurred by the prevailing party.' " *Id.* at 865.

The *Epps* court did not interpret or apply Rule 91a. *See id.* at 864–72. The

---

some or all of the challenged claims before the trial court rules on the Rule 91a motion but less than three days before the hearing date. *See* Tex.R. Civ. P. 91a.5(c) (stating that "[i]n ruling on the motion, the court must not consider a nonsuit or amendment not filed as permitted by paragraphs (a) or (b)").

5. A movant under Rule 91a seeks dismissal of a claim on the ground that the claim has no basis in law, no basis in fact, or both. *See* Tex.R. Civ. P. 91a.1, 91a.2. Though the trial court dismissed the 2014 Claims with prejudice based on the Swamplot Parties' motion to be considered prevailing parties as to the 2014 Claims, this motion was not a motion to

dismiss under Rule 91a, and the trial court did not purport to dismiss Thuesen's claim under Rule 91a. The trial court, however, did award the costs and fees under Rule 91a.

6. The trial court did not award costs or attorney's fees under any contract or under any other rule or statute. Nor did the trial court award costs and fees as a sanction under Texas Rule of Civil Procedure 13 or under Chapter 10 of the Civil Practice and Remedies Code. *See* Tex.R. Civ. P. 13; Tex. Civ. Prac. & Rem.Code Ann. § 10.001, *et seq.* (West, Westlaw through 2015 R.S.).

court held that a defendant is not a prevailing party in the legal proceeding if the plaintiff nonsuits all of its claims without prejudice unless the court determines, on the defendant's motion, that the plaintiff took the nonsuit to avoid an unfavorable judgment. *See id.* at 864–65, 870. In *Epps,* the high court also concluded that a defendant is a prevailing party in the legal proceeding if the plaintiff nonsuits all of its claims with prejudice. *See id.* at 868–69.

The contractual language in *Epps* reflects an agreement between parties to require the losing party in a lawsuit to pay the costs and reasonable attorney's fees incurred by the prevailing party in the lawsuit. *See id.* at 865. Though this contractual provision and Rule 91a both use the term "prevailing party," the contractual provision refers to the prevailing party in a "legal proceeding," and Rule 91a refers to the "prevailing party on the [Rule 91a] motion." Tex.R. Civ. P. 91a.7; *Epps,* 351 S.W.3d at 865. In addition to requiring that the party prevail on a Rule 91a motion, the rule also prevents the trial court from granting such a motion if the claimant nonsuits the challenged claims at least three days before the date of the hearing on the Rule 91a motion. *See* Tex.R. Civ. P. 91a.5. Because of the differences between the text of the prevailing-party provision in *Epps* and the text of Rule 91a, the *Epps* decision is not on point. *See* Tex.R. Civ. P. 91a; *Epps,* 351 S.W.3d at 864–65.

Unlike the prevailing-party provision in *Epps,* Rule 91a provides a procedure by which the claimant can avoid the mandatory award of costs and attorney's fees under Rule 91a.7 by nonsuiting the challenged claims at least three days before the hearing date on the motion. *See* Tex.R. Civ. P. 91a; *Epps,* 351 S.W.3d at 864–65. Though this procedure means that the mandatory award of costs and attorney's fees under Rule 91a.7 is not available if the claimant nonsuits the claims in time, this procedure incentivizes a claimant having little or no chance of avoiding dismissal under Rule 91a to nonsuit and put an end to the litigation costs for the challenged claims. *See* Tex.R. Civ. P. 91a. *See also Gaskill v. VHS San Antonio Partners, LLC,* 456 S.W.3d 234, 236–39 (Tex.App.—San Antonio 2014, pet. denied) (noting one reason notice of the hearing on the Rule 91a motion is required is to give the claimant notice of the deadline to nonsuit the challenged claims); *Dailey v. Thorpe,* 445 S.W.3d 785, 790 (Tex.App.—Houston [1st Dist.] 2014, no pet.) (noting claimant has option to nonsuit if faced with Rule 91a motion); *Stedman v. Paz,* —— S.W.3d ——, —— 2015 WL 5157598, at *2 (Tex.App.—Corpus Christi Sept. 2, 2015, no pet.) (mem.op.) (same). Simply stated, Rule 91a has a built-in cost-avoidance mechanism, and Thuesen took advantage of it by nonsuiting at least three days before the hearing on the Swamplot Parties' amended Rule 91a motion. *See* Tex.R. Civ. P. 91a.5.

Because Thuesen nonsuited in time, the trial court was not permitted to grant the Rule 91a motion or to dismiss the challenged claims under Rule 91a, and the trial court did not do so. *See id.* In this context, the Swamplot Parties cannot be considered prevailing parties on the Rule 91a motion, and therefore, the mandatory award of costs and attorney's fees under Rule 91a.7 is not available. *See* Tex.R. Civ. P. 91a.5.

■ We conclude the trial court erred in awarding costs and attorney's fees to the Swamplot Parties under Rule 91a. *See* Tex.R. Civ. P. 91a.5, 91a.7. Accordingly, to the extent Thuesen argues under his third, fourth, and fifth issues that the trial court erred by awarding the Swamplot Parties

attorney's fees and costs, we sustain these issues.[7]

### C. Sanctions

In his sixth issue, Thuesen asserts the trial court abused its discretion in sanctioning him for filing documents that contained a large, gray Star–of–David watermark in the background and a smaller Star–of–David symbol near the judge's signature line. After Thuesen filed these pleadings, the trial court issued a show-cause order, requiring Thuesen to appear in person and show cause why he should not be sanctioned for filing these documents. Thuesen did not appear at the show-cause hearing, and the trial court issued an order sanctioning Thuesen by striking all the Star–of–David documents. The trial court allowed Thuesen thirty days to request leave to refile the documents without any Star–of–David watermarks or symbols.

■ On appeal, Thuesen asserts the trial court erred in issuing sanctions because the trial court issued the sanctions sua sponte and therefore the sanctions were relief not supported by the pleadings, and Thuesen did not have notice and an opportunity to be heard before the trial court imposed sanctions. Appellate courts review a trial court's sanctions rulings under an abuse-of-discretion standard. *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 852–53 (Tex.1992); *In re N.R.C.*, 94 S.W.3d 799, 808 (Tex.App.—Houston [14th Dist.] 2002, pet. denied).

■ A trial court has the inherent power to impose sanctions on its own motion. *See In re Bennett*, 960 S.W.2d 35, 40 (Tex.1997); *Bostow v. Bank of America*, No. 14–04–00256–CV, 2006 WL 89446, at *9 (Tex.App.—Houston [14th Dist.] Jan. 17, 2006, no pet.) (mem.op.). Because the trial court has the inherent power to issue sanctions on its own motion, the trial court did not abuse its discretion in sanctioning Thuesen in the absence of a request for sanctions by any party. *See In re Bennett*, 960 S.W.2d at 40; *Rubio v. Walsh*, No. 03–13–00698–CV, 2015 WL 4908585, at *3 (Tex.App.—Austin Aug. 13, 2015, no pet.) (mem.op.) (rejecting argument that sanctions relief was not supported by request for that relief because trial court has inherent power to sanction).

■ Thuesen also asserts in passing that the trial court did not make findings of fact supporting its sanctions ruling. To the contrary, the trial court found in its order that the dark gray Star–of–David watermark obscured the text, impeded readability, and was inappropriate, offensive, and interfered with the dignified business of the court.

As for Thuesen's contention that he did not have notice and an opportunity to be heard, the record reveals that the trial court ordered the Swamplot Parties to take responsibility for personally serving

---

**7.** Under his fourth issue, Thuesen suggests that the entire case had become moot or that the trial court lacked plenary power after Thuesen filed notices of nonsuit on June 30, 2014. But, the filing of a notice of nonsuit, by itself, cannot result in the expiration of the trial court's plenary power, and at all material times the trial court had plenary power. *See Villafani v. Trejo*, 251 S.W.3d 466, 468 (Tex.2008) (stating that the signing of a dismissal order based on a notice of nonsuit, not the filing of a notice of nonsuit, is the starting point for determining when a trial court's plenary power expires). Nor did these filings, by themselves, render moot the Swamplot Parties' request for attorney's fees and costs under Rule 91a.7 or render moot the issue of whether Thuesen should be sanctioned for filing the Star–of–David documents. *See id.* at 468–70; *Univ. of Tex. Med. Branch at Galveston v. Blackmon*, 195 S.W.3d 98, 100–01 (Tex.2006). We need not and do not address Thuesen's other arguments under his third, fourth, and fifth issues.

the show-cause order on Thuesen. Thuesen was receiving notice at a post-office box. On July 31, 2014, the trial court issued the show-cause order, setting the show-cause hearing for September 8, 2014. Before the scheduled hearing, the Swamplot Parties filed a brief supporting a sanctions award. The trial court's order and the brief were served on Thuesen both at his post-office box and by email. The Swamplot Parties attempted but failed to effect personal service on Thuesen at the last physical address filed with the trial court clerk. But, it is apparent from the record that Thuesen received the documents. On August 25, 2014, Thuesen filed a response to the Swamplot Parties' motion for attorney's fees and costs under Rule 91a. In that filing, Thuesen responded to documents served at his post-office-box address and email address days before the show-cause order. Thuesen attached a printout of the scheduled hearings and trial settings in the case, including the September 8th show-cause hearing regarding sanctions. The record reflects that the trial court afforded Thuesen notice and a reasonable opportunity to be heard before imposing sanctions. *See Braden v. South Main Bank,* 837 S.W.2d 733, 738 (Tex. App.—Houston [14th Dist.] 1992, writ denied).

We reject Thuesen's arguments that the trial court abused its discretion by imposing the sanctions. *See In re Bennett,* 960 S.W.2d at 40; *Braden,* 837 S.W.2d at 738. Accordingly, we overrule Thuesen's sixth issue.

**D. Recusal**

 Under his seventh issue, Thuesen argues that the presiding judge of the trial court should have been recused because the anti-Semitic statements attributed to Thuesen in various documents Swamplot filed in the trial court caused the trial judge, who is Jewish, to have personal bias

or prejudice against Thuesen. Thuesen argues that the trial judge's "deep-seated antagonism has made fair judgment impossible" and was evident in the judge's sua sponte issuance of sanctions regarding the Star-of-David documents, allegedly without notice or an opportunity to be heard. Thuesen raised these issues in a recusal motion. An assigned judge denied the motion to recuse.

Our appellate record does not contain a reporter's record from the oral hearing on the recusal motion, though the record does contain the recusal motion and attached evidence and the order denying recusal. We presume for the sake of argument that the recusal hearing was not an evidentiary hearing, that the only evidence considered by the assigned judge was the evidence filed in the clerk's record, and that we may review the denial of this motion without a reporter's record of the recusal hearing.

 We review the denial of the recusal motion for an abuse of discretion. *See* Tex.R. Civ. P. 18a(j); *Sommers v. Concepcion,* 20 S.W.3d 27, 41 (Tex.App.—Houston [14th Dist.] 2000, pet. denied). The parties have not cited and research has not revealed any case from the Supreme Court of Texas addressing the legal standard that applies when a party moves for recusal of a judge based on the judge's alleged bias, prejudice, or partiality. This court has adopted the legal standard articulated in the majority opinion in *Liteky v. United States. See* 510 U.S. 540, 542–56, 114 S.Ct. 1147, 1150–58, 127 L.Ed.2d 474 (1994); *Samson v. Ghadially,* No. 14–12–00522–CV, 2013 WL 4477863, at *5 (Tex.App.—Houston [14th Dist.] Aug. 20, 2013, no pet.) (mem.op.); *Sommers,* 20 S.W.3d at 41; *Ludlow v. DeBerry,* 959 S.W.2d 265, 271, 282–83 (Tex.App.—Houston [14th Dist.] 1997, no pet.). Under this standard, if a party seeks recusal of a judge based on the judge's alleged bias, prejudice, or par-

tiality and if that party does not show that the alleged bias, prejudice, or partiality arose from events occurring outside of judicial proceedings, then the judge may not be recused unless the judge has displayed a deep-seated favoritism or antagonism that would make fair judgment impossible. *See Liteky*, 510 U.S. at 550–51, 555–56, 114 S.Ct. at 1155, 1157–58; *Sommers*, 20 S.W.3d at 41, 44; *Ludlow*, 959 S.W.2d at 271, 283. A bias, prejudice, or partiality arising from events occurring outside of judicial proceedings arises from an "extra-judicial source." *Liteky*, 510 U.S. at 550–51, 555–56, 114 S.Ct. at 1155, 1157–58; *Sommers*, 20 S.W.3d at 41, 44. An example of this type of bias is the statement alleged to have been made by the trial judge in a World War I espionage case against German–American defendants that " '[o]ne must have a very judicial mind, indeed, not [to be] prejudiced against the German Americans' because their 'hearts are reeking with disloyalty.'" *Liteky*, 510 U.S. at 555, 114 S.Ct. at 1157 (quoting *Berger v. United States*, 255 U.S. 22, 28, 41 S.Ct. 230, 231, 65 L.Ed. 481 (1921)).

We already have concluded that the trial court did not err in sanctioning Thuesen sua sponte and that the trial court afforded Thuesen notice and a reasonable opportunity to be heard regarding the sanctions. After reviewing the evidence Thuesen submitted in support of his motion, we conclude that the assigned judge did not abuse her discretion by impliedly finding that (1) Thuesen failed to prove any bias, prejudice, or partiality by the presiding judge arising from events occurring outside of judicial proceedings, and (2) Thuesen failed to prove that the presiding judge displayed a deep-seated favoritism or antagonism that would make fair judgment impossible. *See Liteky*, 510 U.S. at 550–51, 555–56, 114 S.Ct. at 1155, 1157–58; *Sommers*, 20 S.W.3d at 41, 44; *Ludlow*, 959 S.W.2d at 271, 283. Thuesen has not

shown that the assigned judge erred in denying his motion to recuse. Accordingly, we overrule the seventh issue.

### III. CONCLUSION

Any error by the trial court in consolidating the two cases was harmless, and the consolidation of the two cases did not violate the bankruptcy stay. To the extent Thuesen asserts the actions taken by the Swamplot Parties violated the bankruptcy court's February 5, 2014 order, any such actions were permitted under the bankruptcy court's June 26, 2014 order. The trial court did not abuse its discretion in sanctioning Thuesen for filing the Star-of-David documents, and the trial court afforded Thuesen notice and a reasonable opportunity to be heard before imposing the sanctions. The assigned judge did not abuse her discretion in denying Thuesen's motion to recuse the presiding judge. The trial court, however, erred in awarding costs and attorney's fees to the Swamplot Parties under Rule 91a. Because Rule 91a was the only basis for the award, the award cannot stand. Accordingly, we modify the trial court's judgment to delete the award of costs and attorney's fees, and we affirm the judgment as modified.