**Appeal Reinstated, Motion Granted, Appeal Dismissed, and Opinion filed December 17, 2020.**



In The

# Fourteenth Court of Appeals

## NO. 14-20-00572-CV

**MIRADA ENERGY, LLC, MIRADA WILD BASIN HOLDING COMPANY, LLC AND MIRADA ENERGY FUND I, LLC, Appellants**

**V.**

**OASIS PETROLEUM INC., OASIS PETROLEUM NORTH AMERICA, LLC, OASIS MIDSTREAM SERVICES, LLC, OASIS MIDSTREAM PARTNERS LP, BIGHORN DEVCO LLC, BOBCAT DEVCO LLC, AND BEARTOOTH DEVCO LLC, Appellees**

**On Appeal from the 334th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-19911**

## OPINION

This is an interlocutory appeal from an order signed July 30, 2020. We abated the appeal on October 13, 2020 because appellees Oasis Petroleum Inc., Oasis Petroleum North America, LLC, and Oasis Midstream Services, LLC had petitioned

for bankruptcy. A bankruptcy suspends the appeal from the date when the bankruptcy petition is filed until the appellate court reinstates the appeal in accordance with federal law. Tex. R. App. P. 8.2. On November 30, 2020, appellants filed a motion to dismiss the appeal. *See* Tex. R. App. P. 42.1. The motion does not indicate the status of the bankruptcy proceeding.

Filing a bankruptcy petition triggers the automatic stay under the United States Bankruptcy Code. *See* 11 U.S.C. § 362(a). As relevant here, the automatic stay applies to "the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." *Id.* § 362(a)(1). Dismissal of a debtor from a lawsuit does not violate the bankruptcy stay. *Thuesen v. Amerisure Ins. Co.*, 487 S.W.3d 291, 297 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *Darr v. Altman*, 20 S.W.3d 802, 807 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

This court and four of our sister courts have dismissed appeals on the appellant's motion after the appeal was abated due to the bankruptcy proceeding. In each of those cases, the parties presented orders from the bankruptcy court expressly or implicitly approving dismissal of the appeal or represented in the motion that the stay had been terminated or lifted.[1] In another case, we asked appellant to provide

---

[1] *Shaffer v. Compass Bank*, No. 14-02-00788-CV, 2004 WL 35992, at *1 (Tex. App.—Houston [14th Dist.] Jan. 8, 2004, no pet.) (mem. op.) (per curiam); *TNC Energy, LLC v. Crescent Supply Co.*, No. 11-15-00248-CV, 2018 WL 12179294, at *1 (Tex. App.—Eastland Feb. 28, 2018, no pet.) (mem. op.) (per curiam) (dismissal as to certain appellate parties); *In re R. Hassell & Co., Inc.*, No. 01-14-00349-CV, 2018 WL 1003338, at *1 (Tex. App.—Houston [1st Dist.] Feb. 22, 2018, orig. proceeding) (mem. op.) (per curiam); *In re Hassell*, No. 01-14-00996-CV, 2018 WL 1003802, at *1 (Tex. App.—Houston [1st Dist.] Feb. 22, 2018, orig. proceeding) (mem. op.) (per curiam); *In re Estate of Edwards*, No. 04-13-00371-CV, 2015 WL 5451674, at *1 (Tex. App.—San Antonio Apr. 15, 2015, no pet.) (mem. op.) (per curiam); *Irvin v. SCP Distribs., LLC*, No. 05-10-01536-CV, 2011 WL 3195288, at *1 (Tex. App.—Dallas July 26, 2011, no pet.) (mem. op.).

us a copy of the bankruptcy court's order demonstrating the automatic stay has been lifted or terminated. *Burroughs v. Spencer & Assocs., P.C.*, No. 14-02-00793-CV, 2004 WL 635329, *1 (Tex. App.—Houston [14th Dist.] Apr. 1, 2004, no pet.) (mem. op.) (per curiam).

However, none of those opinions suggest that such an order or representation is required before the court of appeals may grant a motion for voluntary dismissal. *Thuesen* and *Darr* stand for the proposition that dismissal of a debtor does not violate the stay—which necessarily means the stay was still in effect at the time of the dismissal. That is, regardless of the status of the stay, dismissal of a debtor from a lawsuit does not violate the stay. *Thuesen* and *Darr* involved voluntary dismissals at the trial level. The same conclusion logically applies to voluntary dismissals at the appellate level.

Accordingly, we reinstate the appeal, grant the motion, and dismiss the appeal.

PER CURIAM

Panel consists of Justices Christopher, Wise, and Hassan.